[No. 37695.   Department One.   August 26, 1965.]

NORTHWESTERN MUTUAL INSURANCE COMPANY, *Respondent*,
v. GREAT AMERICAN INSURANCE COMPANY, *Appellant*.*

*Bateman, Reed, McClure & Moceri*, by *Hugh A. McClure*,
for appellant.

*Hugh R. McGough*, for respondent.

HILL, J.—This is a contest between two insurance companies. In consequence of their stipulations and agreements, we are presented, not with any question of how any liability should be apportioned if both are liable, but with the sole issue of the liability of one of the companies.

The facts are not in dispute. Ivan S. Williamson owned two automobiles and had a policy of insurance with the Great American Insurance Company with both property damage and public liability coverage. Ernest L. Sorenson operated a gasoline station and, as part of his service in lubricating automobiles, advertised a pick-up and delivery service. No charge was made for this service.

For a number of years Williamson had made use of Sorenson's pick-up and delivery service with respect to the

*Reported in 404 P.2d 995.

servicing of his automobiles. On February 5, 1963, in response to a request from Williamson, Sorenson went to Williamson's house and drove Williamson's 1956 Buick automobile to Sorenson's station, where he lubricated the car, changed the oil, put in a new filter, and filled the gasoline tank. While returning the Williamson automobile to the Williamson house, he was involved in a collision with a motorcycle driven by Lowell W. McCain. The latter suffered serious bodily injuries and commenced an action against Sorenson. The Williamson car was damaged to the extent of some $400.

It is conceded that the Great American policy covers Sorenson, as a driver of Williamson's car with Williamson's permission, unless an exclusionary clause is applicable. The clause relied upon by Great American reads:

> This policy does not apply under Part 1 . . . (g) to an owned automobile while used in the automobile business . . . .

Automobile business is defined in the policy as,

> the business or occupation of selling, repairing, servicing, storing or parking automobiles; . . . .

The trial court, in response to a motion for summary judgment, properly held that there was no genuine issue as to any material fact on the issue of whether or not Williamson's automobile was being used in the automobile business at the time of the accident and held, as a matter of law, that Sorenson was an insured within the terms of the Great American policy.

We see no issue of fact to be determined, and our own case of *McCree v. Jenning*, 55 Wn.2d 725, 349 P.2d 1071 (1960), construing the identical exclusionary clause, is decisive of the issue presented. That case, apparently the first in the country to construe this exclusionary clause, has been cited, quoted, and followed in *LeFelt v. Nasarow*, 71 N. J. Super. 538, 177 A.2d 315 (1962), *aff'd* 76 N. J. Super. 576, 185 A.2d 217 (1962); *Goforth v. Allstate Ins. Co.*, 220 F. Supp. 616 (D.C. W.D. N.C. 1963), *aff'd*, 327 F.2d, 637

(4th Cir. 1964); *Hammer v. Malkerson Motors, Inc.*, 269 Minn 563, 132 N.W.2d 174 (1964).

■ At the time the collision occurred, Sorenson was returning the Buick to Williamson after having serviced it. The automobile was, therefore, in the possession and under the control of Sorenson, a person operating an automobile service station. From this, Great American argues the Buick was being used in the automobile business at the time of the accident. This seems to us a complete non sequitur, as it does to the other courts which have followed our reasoning in the *McCree* case, *supra*, where we said (p. 727):

> The appellant appears to have overlooked the significance of the word "used," and to have assumed that any automobile in the possession or under the control of an automobile repairman would necessarily come within the exclusion. We do not so read the exclusion.
>
> . . . . .
>
> It would appear evident, therefore, that an automobile "used in the automobile business," would be one which was employed for some purpose in connection with that business. For example, a tow truck, an automobile used for demonstration purposes, or a vehicle used for securing or delivering equipment and supplies would be "used in the business." But the Jenning automobile was not turned over to Miller to be used by him for his business purposes. It was simply brought to him to be repaired.

And so, here, the owner of the car, which had been serviced and was being returned to his home, would be quite astonished to learn that his car—all of the time that it was out of his possession—was being used in the automobile business.

We have not heretofore confused the simple issue before us by referring to the fact that Sorenson, at the time of the accident, had a comprehensive public liability policy covering his business operations with a "GARAGE ENDORSEMENT" written by Northwestern Mutual Insurance Company, which has conceded liability thereunder.

We hold no more than that Sorenson is also an insured under the Great American policy, and that it has a liability

thereunder. We are not here concerned with a question between the insurance companies as to whose liability is primary and whose is secondary, or how the liability should be apportioned.

ROSELLINI, C. J., OTT and HUNTER, JJ., and BARNETT, J. Pro Tem., concur.