NORTHERN ASSURANCE COMPANY OF AMERICA, a MASSACHUSETTS CORPORATION, AND WALLACE D. FLODBERG, D/B/A ZIP AUTO SERVICE, PLAINTIFF AND RESPONDENTS, v. TRUCK INSURANCE EXCHANGE, a CALIFORNIA CORPORATION, DEFENDANT AND APPELLANT.

No. 11280.
Decided April 15, 1968.
439 P.2d 760.

Worden, Worden, Thane & Robb, Norman C. Robb (argued), Missoula, for appellant.

Garlington, Lohn & Robinson, H. L. Holt (argued), for respondents.

MR. CHIEF JAMES T. HARRISON, delivered the Opinion of the Court.

This is an appeal from a judgment for the plaintiff in a declaratory judgment action. The action was brought by Northern Assurance Co. of America (hereafter called Northern Assurance) and Wallace Flodberg to determine whether Truck Insurance Exchange (hereinafter called Truck Insurance) is liable on a policy of insurance issued by it.

Truck Insurance insured Zip Auto Service in which Wallace Flodberg was a partner. Northern Assurance insured Goldie Flodberg, Wallace Flodberg's mother. Goldie Flodberg requested her son to do some work on her car. On the morning of June 19, 1964, Wallace Flodberg walked across the street from his house to his mother's house and obtained her car which he drove to work that morning. A serviceman in the garage did the work for which $2.00 was charged. At the end of the day Wallace Flodberg was driving his mother's car

home to return it to her and he was involved in an accident A suit was filed against Wallace Flodberg as a result of that accident. Truck Insurance refused to defend and to prevent default Northern Assurance undertook the defense. The suit was subsequently compromised.

This action was brought to declare Truck Insurance liable on its policy and to recover the damages paid and costs of Northern Assurance including attorney's fees. The lower court found for the plaintiff.

The sole issue, as stated by the appellant, is whether Wallace Flodberg was excluded from coverage under the Northern Assurance policy issued to Goldie Flodberg by reason of the garage business exclusion clause contained within that policy.

Northern Assurance's garage business exclusion clause reads: "This policy does not apply under Part 1: * * * (g) to an owned automobile while used by any person while such person is employed or otherwise engaged in the automobile business, but this exclusion does not apply to * * * any * * * agent of the named insured * * *." Automobile business under the terms of the policy "means the business or occupation of selling, repairing, servicing, storing or parking automobiles."

If Wallace Flodberg was excluded under the foregoing then Truck Insurance would be liable. If he was not excluded then Northern Assurance would be liable and Truck Insurance would only be liable for any excess over the Northern Assurance policy limits.

There appears to be a number of types of garage business exclusions. One form which we shall call the first type says: "This policy does not apply to an owned automobile while used in the automobile business." This type is generally construed to mean that driving the automobile to and from the garage for the customer is not within the exclusion. Cherot v. United States Fidelity & Guaranty Co., 10 Cir., 264 F.2d 767,

71 A.L.R.2d 959 (1959); Northwestern Mutual Ins. Co. v. Great American Insurance Co., 66 Wash.2d 762, 404 P.2d 995 (1965); LeFelt v. Nasarow, 71 N.J.Super. 538, 177 A.2d 315 (1962), aff. 76 N.J.Super. 576, 85 A.2d 217.

The second type reads: "The insurance * * * does not apply * * * to any person * * * operating an automobile * * * repair shop * * * with respect to any accident arising out of the operation thereof * * *." This court has construed that clause in a recent case. National Farmers Union Property & Casualty Co. v. General Guaranty Insurance Co. 150 Mont. 297; 434 P.2d 708 (1967). In that case we found that the clause excluded coverage when the automobile was being driven to and from the garage for the customer.

The clause involved in the case at bar is different from the two preceding types. Appellant cites one case construing the clause involved here, Dumas v. Hartford Accident & Indemnity Co., 181 So.2d 841 (La.App.1965). In that case the court found driving the automobile to the customer was not within the exclusion. The court in that case relied on the fact that the act of servicing the automobile had been completed and thus found the exclusion did not apply.

The exclusion here says it applies while the automobile is used by a person while that person is employed or engaged in the business or occupation of selling, repairing, servicing, storing or parking automobiles. We find that the words "business or occupation" mean more than the actual act of servicing the automobile. We cannot agree with the Louisiana Court for the exclusion here is phrased broader and more like the exclusion in the National Farmers Union case, supra, than the first type of exclusion. In the National Farmers Union case, the clause spoke of an accident arising out of the operation of a repair shop. Here the clause applied while the person is employed or engaged in the busines or occupation of repairing automobiles. We find that the exclusion does apply

when the automobile is being delivered to the customer, because according to the testimony here, that is a part of the business or occupation of repairing or servicing automobiles.

Appellant next asserts that Wallace Flodberg is not within the terms of the exclusion for his use of the automobile was for his own personal use and convenience. This assertion is based upon the fact that Wallace Flodberg used his mother's car for transportation to and from work on that day. We find that the benefit to Wallace Flodberg was incidental. The basic reason for his use that particular day was to get the automobile to and from the garage for the repairs. There was no showing that Wallace Flodberg did more than drive it to and from work and this one use was not deviated from. His only benefit was transportation to and from work which was merely incidental to the basic purpose.

Appellant further contends that Wallace Flodberg was not excluded from coverage because of the exception to the exclusion for agents of the insured. Appellant contends that Wallace Flodberg was the agent of his mother. We have discussed this question in National Farmers Union Property & Casualty Co. v. General Guaranty Insurance Co., supra. In that case we found the repairman was not the agent of the customer but that it was a bailment relationship. There are no facts in the case at bar which would lead to a different conclusion.

Appellant finally contends that this court should find that the exclusion is void because it is against public policy as expressed in R.C.M.1947, § 53-438, which defines motor vehicle liability policies. For this proposition is cited Exchange Casualty & Surety Co. v. Scott, 56 Cal.2d 613, 15 Cal.Rptr. 897, 364 P.2d 833 (1961). However, Montana does not have the same statutes as California in this area. In Montana you are not required to have liability insurance to get a driver's license or to drive. When you are required to obtain liability insurance then the requirements of section 53-438 are effective.

We find the exclusion is not violative of public policy, no showing having been made that this policy was issued to show proof of financial responsibility. It was voluntarily taken out by Goldie Flodberg.

Alaska's statutes are similar to Montana's in this area and the Supreme Court of that state has found that the exclusion clause is not violative of public policy. Hart v. National Indemnity Co., 422 P.2d 1015 (Alaska 1967).

For the foregoing reasons the judgment appealed from is affirmed.

MR. JUSTICES HASWELL, ADAIR, CASTLES and JOHN CONWAY HARRISON, concur.