114 N.J. Super. 350 (1971)
276 A.2d 386
PROVIDENCE WASHINGTON INSURANCE COMPANY, A CORPORATION AUTHORIZED TO DO BUSINESS IN THE STATE OF NEW JERSEY, AND CHARLES H. WALTER, PLAINTIFFS,
v.
GLENS FALLS INSURANCE COMPANY, A CORPORATION AUTHORIZED TO DO BUSINESS IN THE STATE OF NEW JERSEY, AND HARRY P. JOHN AND EILEEN M. CAREY, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided April 1, 1971.
*351 Mr. Donald S. Levenson for plaintiffs. (Messrs. Melnik, Tarter, Muller & Morgan, attorneys).
*352 Mr. Michael Patrick King for defendant Glens Falls Insurance Company (Messrs. Kisselman, Devine, Deighan and Montano, attorneys).
Mr. Raymond F. Drozdowski for defendant Eileen M. Carey (Messrs. Brown, Connery, Kulp, Wille, Purnell & Greene, attorneys).
WICK, J.S.C.
The parties are seeking a declaratory judgment under N.J.S.A. 2A:16-50 et seq. to determine liability insurance coverage under certain policies issued by Providence Washington Insurance Co. (Providence), which insures Charles Harvey Walter, and Glens Falls Insurance Co. (Glens Falls), which insures Harry P. John. Eileen M. Carey has sued Walter for personal injuries resulting from an accident in which Walter was driving an automobile owned by John. The essential facts have been stipulated and the case was submitted on briefs.
John left his automobile at Fisher Chevrolet to be spot-painted. Fisher did not do such work, so the automobile was taken to Charles H. Walter, t/a Rishel's Auto Body, which did automobile painting and body repair work. Walter would neither pick up nor deliver vehicles for Fisher.
John's automobile was left overnight and parked outside Walter's shop contiguous to his residence. After the shop was closed Walter went on an errand for his wife. Because Walter's own automobile was not functioning, Walter drove John's automobile for the errand; the accident occurred while Walter was on his way home from the errand.
To determine which insurer should afford coverage to Walter the court must interpret the automobile business exclusion clause of John's automobile liability policy as well as the coverage provisions of Walter's garage liability policy. Plaintiff asserts that the automobile business exclusion of the Glens Falls policy does not apply to Walter. The exclusion provides that coverage does not apply:

*353 (g) to an owned automobile while used by any person while such person is employed or otherwise engaged in the automobile business, * * *
"automobile business" means the business or occupation of selling, repairing, servicing, storing or parking automobiles; * * *.
Glens Falls seeks to have plaintiff defend Walter solely under the garage liability policy in which Walter is the named insured. One of the risks which Providence assumed was:
Automobile Hazard 1.
(1) The ownership, maintenance or use (including loading and unloading) of any automobile for the purpose of garage operations, and (2) the occasional use for other business purposes and the use for nonbusiness purposes of any automobile owned by or in the charge of the named insured and used principally in garage operations, * * *
"garage operations" means the ownership, maintenance or use of the premises for the purposes of a garage and all operations necessary or incidental thereto.
For purposes of this case the court is concerned with clause (2).
Because of the broad interpretation given by our courts to the standard omnibus clause of an automobile liability policy, Walter would at first glance qualify as an additional insured under the policy issued to John. See, e.g., Small v. Schuncke, 42 N.J. 407 (1964); Odolecki v. Hartford Accident & Indemnity Co., 55 N.J. 542 (1970); State Farm Mutual Auto. Ins. Co. v. Travelers Ins. Co., 57 N.J. 174 (1970). But whether exclusion (g) of that policy applies to the facts here is the controlling question so far as coverage under the Glens Falls policy is concerned.

Glens Falls Exclusion
The cases reveal several types of automobile business exclusions. One form states that the policy does not apply to an owned automobile "while used in the automobile business." Another form states that coverage is not afforded to any person operating an automobile business with respect to any *354 accident "arising out of the operation thereof." Both of these types of exclusion have been generally construed as relating to the use of the automobile at the time of the accident, that is, was the use of the vehicle at the time of the accident within the scope of the automobile business. See 71 A.L.R.2d 964 (1960) and 47 A.L.R.2d 556 (1956).
Plaintiff cites several New Jersey cases referring to one or the other of the exclusions described above. In LeFelt v. Nasarow, 71 N.J. Super. 538 (Law Div. 1962), aff'd 76 N.J. Super. 576 (App. Div. 1962), certif. den. 39 N.J. 86 (1963), the court held that a part-time mechanic who was road testing an automobile he had repaired in his spare time was not using the vehicle in the automobile business within the owner's policy exclusion. In construing the LeFelt type of exclusion the court was concerned with the use of the vehicle at the time of the accident and not with business or occupation of the person driving it. The exclusion in LeFelt is less inclusive and distinguishable from the exclusion in the Glens Falls policy, which denies coverage to a group of persons engaged in a particular occupation. Thus, the holding of LeFelt and similar cases in no way determine the issue presented here.
In Capece v. Allstate Ins. Co., 86 N.J. Super. 462 (Law Div. 1965) the court said:
In disclaiming coverage, State Farm, * * * relied upon an exclusion in the policy which removed bodily injury coverage from its terms, as to anyone but the named insured, when the car was used in the automobile business. The law is to the contrary. A customer's automobile which is left in the custody of the proprietor of a service station for servicing or repairs is not being used in the automobile business within the meaning of an exclusion clause such as the one here involved. [Citing LeFelt; at 475]
In Insurance Co. of State of Penna. v. Palmieri, 75 N.J. Super. 350 (Ch. Div. 1962), aff'd 81 N.J. Super. 170 (App. Div. 1963), certif. den. 41 N.J. 389 (1964), this court was concerned with an exclusion where the accident arose out of *355 the operation of a service station. Again the court looked to the nature of the use of the vehicle at the time of the accident: if the use was for a purpose not related to the garage or similar business, then the exclusion as worded would not apply. In dictum the court cited Berry v. Travelers Ins. Co., 118 N.J.L. 571 (E. & A. 1937), to support the conclusion that if a vehicle were being delivered to a garage for repair or returned after repair then the exclusion as worded would apply. Such a phrase is not being interpreted here. The provisions of the Providence and Glens Falls policies are under the scrutiny of this court so that the wording of other policies as applied to different facts are not controlling. Since no reported New Jersey cases have construed the exclusion as phrased in the Glens Falls policy, cases from other jurisdictions will be reviewed briefly.
The briefs cite only one case construing the exact wording of the Glens Falls exclusion. In Northern Assurance Co. of America v. Truck Insurance Exchange, 151 Mont. 132, 439 P.2d 760 (Mont. Sup. Ct. 1968), the court found that the exclusion applied when the automobile is being returned to the owner because that is part of the business of repairing automobiles. The court rejected the argument that the exclusion of the owner's policy did not apply because the use of the time of the accident was personal; any personal use was merely incidental to the purpose of repairing the vehicle. Several other cases were found involving the same automobile business exclusion now before this court.
In Dumas v. Hartford Accident & Indemnity Co., 181 So.2d 841 (La. Ct. App. 1965), the court concluded that the act of returning the automobile to the customer was not within the exclusion. The court relied on the fact that the servicing of the automobile had been completed. In both Northern and Dumas the courts looked to the use of the car or the purpose for driving it at the time of the accident. While the Louisiana court found the clause ambiguous, other courts have not.
*356 In Tindall Pontiac, Inc. v. Liberty Mutual Ins. Co., 441 S.W.2d 948, 949 (Tex. Civ. App. 1969), an employee of a garage had an accident while the automobile was left for servicing and the court found that coverage under the automobile liability policy "was excluded under the clear and unambiguous terms of said policy." The court reasoned that
Under the standard automobile policy, a limitation is applied to the coverage of the omnibus policy so as not to extend coverage over to a * * * repair shop, * * * even though such establishment has rightful custody of the vehicle during its operation, maintenance, or use by an employee thereof. [at 949]
The court distinguished Dumas on the facts because the accident there occurred after all repairs had been completed. Actually, the holding of Dumas was rejected under the reasoning of the case which again looked only to the scope of the garage operations.
The most recent case found where the exclusion is the same as here was Universal Underwriters Ins. Co. v. Northwestern National Ins. Co., 306 F. Supp. 437 (S.D. Ill. 1969), where the accident occurred while the automobile was driven by an automobile salesman while returning to the owner a vehicle which had been repaired. The Federal District Court found the language of the exclusion to be "quite clear" and applicable to those facts.
Although all of the above cases are factually distinguishable, one conclusion can be made. A garage owner or repairman is not an agent of the customer but a bailee. A bailment arises when the bailee has physical control of the vehicle, i.e., possession for a special purpose, and the vehicle is to be returned to the bailor or to a third person when the "object of the trust is accomplished, * * *." Tomko v. Sharp, 87 N.J.L. 385, 387 (Sup. Ct. 1915); J.L. Querner Truck Lines, Inc. v. Safeway Truck Lines, Inc., 65 N.J. Super. 554 (App. Div. 1961), aff'd 35 N.J. 564 (1961). Thus, the status of Walter as a bailee is important *357 to the interpretation of the Glens Falls automobile business exclusion. That the use of the automobile at the time of the accident was for personal reasons did not prevent the exclusion from applying to Walter, who owned a repair shop and only received possession of John's automobile because it was delivered to Walter for painting. Certainly the intent of the exclusion was to exclude from the policy benefits those persons whose occupation or business is repairing or servicing automobiles. This court has noted that "the purpose of having an `automobile business' exclusion is to protect the company against the greater risks involved in that business than in normal everyday use of a car." Willis v. Security Ins. Group, 104 N.J. Super. 410, 414 (Ch. Div. 1968).
Plaintiff's argument repeatedly stresses the use of John's automobile at the time of the accident: it was being used for a personal errand not connected with the repair shop. The court feels that the wording of the exclusion here does not require such a narrow interpretation. Since the courts have generally found this form of exclusion to be unambiguous, the words will be given their ordinary and usual meaning without any strained or distorted construction to find coverage. Schneider v. New Amsterdam Casualty Co., 22 N.J. Super. 238, 242-243 (App. Div. 1952). If this court were to sustain plaintiff's position, the automobile business exclusion would be worthless as far as restricting the scope of the coverage to persons other than the owner, and consequently the omnibus clause would be given a construction not intended by the parties to the insurance contract. Such a result would reach beyond the bounds of this particular case.
Again, the exclusion would have little meaning if the owner of a repair shop could step outside, disassociate himself temporarily from his business, and then use a customer's car which was left in his charge. Therefore the court finds that when an automobile is delivered for repairs, a bailment is created and the owner of the garage is *358 responsible for his negligence in driving the customer's automobile. The automobile business exclusion, however, is construed to be limited to the facts before the court, i.e., a bailment of a vehicle to a repair shop or similar business, and the court is not implying that the exclusion would apply to a person in the automobile business just because that happened to be the nature of his occupation. The court doubts that such an interpretation was intended by the insurer. The exclusion is valid and applicable to Walter.

Coverage Under the Providence Policy
A garage liability policy such as the one issued to Walter contemplates coverage for vehicles in the charge of Walter because they were being repaired or painted. It is difficult to imagine which articles should be regarded as used in the garage business if they are not nonowned automobiles in Walter's possession. John's automobile was used in the garage because the nature of the business is to repair or paint automobiles. See 93 A.L.R 2d 1047, § 8 (1964).
Walter had no separate automobile liability insurance other than the garage liability policy. Certainly, Providence assumed coverage for Walter's driving of his own automobiles for personal errands not connected with the garage operations. If Walter could have driven his own automobile and come within the coverage of the Providence policy, it follows that Walter is covered by the same policy when he drives an automobile in his possession in place of his own vehicle. If Walter's own automobile had been functioning the day of the accident, no doubt he would have been driving his own automobile.
It is the opinion of this court that Walter was using John's automobile only as a temporary substitute for his own nonfunctioning vehicle. That Walter was on a personal errand at the time of the accident is inconsequential, for the court is not concerned with the nature of the use *359 at that time. Since Providence would have afforded coverage for Walter's own automobile in any event, it can not dodge the consequences of Walter's driving another car in his charge because of the garage business. If Providence were discharged from responsibility here, the effect would be to release it from an obligation for which it has contracted. The mere happenstance that Walter was driving John's automobile at the time of the accident is not a valid reason for holding Glens Falls liable to defend the suit by Carey. Walter is covered by the Providence policy and excluded by the Glens Falls policy. Glens Falls has no duty to assume the defense of the Carey suit and is awarded costs for this action.