**HUMBLE OIL & REFINING COMPANY,**
Appellant,

v.

**LUMBERMENS MUTUAL CASUALTY
COMPANY, Appellee.**

No. 18031.

Court of Civil Appeals of Texas,
Dallas.

Jan. 11, 1973.

Rehearing Denied Feb. 8, 1973.

Robert D. McGee, Houston, for appellant.

Jack Pew, Jr., John L. Lancaster, III, Jackson, Walker, Winstead, Cantwell & Miller, Dallas, for appellee.

CLAUDE WILLIAMS, Chief Justice.

The principal question to be resolved by this appeal is whether a Texas standard combination automobile-general liability policy extends liability coverage, under the omnibus clause, to the employee of a filling station who was involved in a collision while returning the automobile to the home of the named insured in said policy. The trial court held that coverage was excluded under the terms of said policy and entered a take nothing judgment in the suit brought by Humble Oil & Refining Company seeking reimbursement of the sum of $10,243 paid to the third party in settlement of his claim for damages, including attorneys' fees and costs.

The case was submitted to the court, without a jury, on the following stipulated

facts: Lumbermens Mutual Casualty Company (hereinafter referred to as Lumbermens or appellee) had issued to McCord-Lane Company, as named insured, a combination automobile-general liability insurance policy insuring various automobiles owned by McCord-Lane. Such policy was in full force and effect on or about July 27, 1968 when a vehicle covered by the policy was picked up by Virgil Buckelew, an employee of Humble Oil & Refining Company (hereinafter referred to as Humble or appellant) at the home of C. C. Blalock, an employee of McCord-Lane. The automobile was picked up pursuant to a request to have the vehicle serviced; that is, to have the oil changed, the gas tank filled, and the vehicle lubricated. When Buckelew picked up the automobile he left an automobile belonging to Humble at Blalock's home while the McCord-Lane vehicle was being serviced and would have returned to the service station in that vehicle after delivering the automobile which had been serviced. On many occasions prior thereto Buckelew had left the company vehicle at the home of Blalock while he took a McCord-Lane vehicle to the Humble service station for servicing, driving that automobile back to the service station when the McCord-Lane vehicle had been serviced and returned.

After the vehicle had been serviced at the service station owned by Humble Buckelew was driving the vehicle to the home of Blalock, in the most direct route, when it was involved in a collision with a motorcycle being driven by Charles Clayton. As a result of this collision Clayton sustained personal injuries and the motorcycle was damaged. At the time of the collision Buckelew was operating the vehicle at the request of and with the implied permission of McCord-Lane. Also, at said time Buckelew was acting within the scope of his employment with Humble and whatever rights, if any, which Buckelew had under the policy of insurance same would inure to the benefit of Humble.

Thereafter suit was filed against Humble to recover the damages sustained by Clayton in the accident. Humble gave notice to Lumbermens of the commencement of the action and requested such insurance company to defend the case but Lumbermens refused and disclaimed liability on the grounds that the accident and injury were outside of the scope of the insurance coverage. Thereafter a compromise settlement, considered reasonable by the parties, was agreed to in the sum of $8,875. It was also stipulated that the additional sum of $1,200 as attorneys' fees and $168 as costs were reasonable and necessarily expended. Humble sued Lumbermens to obtain reimbursement for the total amount of $10,243 and it was agreed that Humble would be entitled to recover this amount if any recovery was allowed under the terms of the insurance policy.

In Section II, "Persons Insured," the insurance policy issued by Lumbermens provides that the term "Insured" includes any person using an owned or hired automobile with the permission of the named insured, provided such use is within the scope of such permission. In the same Section II we find the following:

"None of the following is an insured:

\*   \*   \*   \*   \*   \*

(v) Any person while employed in or otherwise engaged in duties in connection with an automobile business, other than an automobile business operated by the named insured."

In Section V, "Additional Definitions," we find the following:

"When used in reference to this insurance:

'automobile business' means the business or occupation selling, repairing, servicing, storing or parking automobiles; \* \* \*."

In its action against Lumbermens Humble took the position that Buckelew was an insured under Lumbermens' policy since he

was driving the vehicle with the consent of McCord-Lane, the named insured. Lumbermens pled the foregoing policy provisions and contended that it did not afford coverage to Mr. Buckelew because, at the time and on the occasion of the accident, Buckelew was employed in or otherwise engaged in duties in connection with an "automobile business" as defined in the policy.

Seeking reversal of the trial court's take nothing judgment appellant Humble asks us to hold that Buckelew, Humble's employee, was an "insured" under the policy at the time and on the occasion of the collision with the motorcyclist because (1) the exclusion relied upon by appellee Lumbermens does not apply to a person in the "automobile business" who is returning a customer's car to the customer, or, at least, the exclusion is ambiguous, and (2) the exclusion is invalid in that it violates the requirements of Vernon's Tex.Rev.Civ.Stat. Ann. art. 6701h.

■ Concerning appellant's first contention we agree that Buckelew, admittedly driving the vehicle with the express permission of the named insured, was an additional insured under the omnibus clause of Lumbermens' policy. However, we cannot agree with appellant that the express exclusion contained in Section II(v), together with the express definition of "Automobile Business," is not applicable. It has long been the practice of insurance companies issuing standard automobile policies to impose a limitation on the standard omnibus clause contained in the policies so as not to extend coverage to a service station, public garage, sales agency, repair shop, or public parking place, even though such establishment has rightful custody of the vehicle during its operation, maintenance, or use of the vehicle by an employee of such concern. 47 A.L.R.2d 556, Annotation, "Automobile insurance: omnibus clause exception relating to public garages * * *." The reason for this exception is quite obvious since the owner of the vehicle has relinquished his control of the automobile to such garage or repair shop which, in turn, exercising complete control thereof, turns it over to an employee to drive and operate the same in the pursuit of the business of such concern. Thus the risk and hazard to the company issuing the policy is materially enhanced.

The history of the development of the exclusion under consideration is material and relevant to the question here decided. The first form utilized by insurance companies to accomplish the exclusion provided that the policy would not afford coverage to "an owned automobile while used in the automobile business." "Automobile business" was defined as "The business or occupation of selling, repairing, servicing, storing, or parking automobiles." The courts, in construing the language of this exclusion, placed emphasis upon the word "used" and refused to hold that a customer's car, turned over to an automobile business for repairs, was being "used" in that business. Western Alliance Ins. Co. v. Cox, 394 S.W.2d 238 (Tex.Civ.App., Waco 1965, writ ref'd n. r. e.); McCree v. Jenning, 55 Wash.2d 725, 349 P.2d 1071 (1960); Northwestern Mutual Ins. Co. v. Great American Ins. Co., 66 Wash.2d 762, 404 P.2d 995 (1965); Truck Insurance Exchange v. State Farm Mutual Auto. Ins. Co., 182 Neb. 330, 154 N.W.2d 524 (1967); and Allstate Ins. Co. v. Universal Underwriters Ins. Co., 439 S.W.2d 385 (Tex.Civ. App., Houston 14th 1969, no writ).

The judicial construction of the old form of exclusion, as reflected by the authorities cited above, apparently caused and brought about the exclusion now utilized in standard insurance policies in Texas and many other states. Under this language the exclusion does not turn upon the question of whether the car was being "used" in the automobile business, but whether the person operating it was doing so "while employed in or otherwise engaged in duties in connection with" the automobile business. The definition of "automobile business" remains the same. This new coverage came under close scrutiny by the court in Tindall

Pontiac, Inc. v. Liberty Mutual Ins. Co., 441 S.W.2d 948 (Tex.Civ.App., San Antonio 1969, writ dism'd). In that case the automobile had been left with Tindall Pontiac, Inc. to be serviced and while an employee of that company was driving the automobile from the service department to its new car make-ready department an accident occurred. The court, after discussing the history of the exclusion, concluded that Tindall's employee was not an insured under the customer's liability policy because the employee, at the time of the injury, was directly engaged in performing an act relating to said business.

Appellant admits the validity of *Tindall,* supra, but attempts to distinguish that case in that the employee in *Tindall* was handling the automobile before the repair work thereon had been completed, whereas, in the instant case, the repairs had been accomplished and the employee was returning the car to the customer. Appellant argues that since the service station was no longer "servicing" the automobile that the exclusion should not apply. We cannot agree with appellant's contention. It must be observed that the exclusion does not limit itself with the question of "servicing" of the automobile but specifically applies to the "business of servicing" automobiles. We think that the exclusion is clear and unambiguous in saying that while the driver of the service station is either engaged in servicing the automobile or engaged in duties in connection with the business of servicing automobiles that he is not to be considered a named insured under the policy. It cannot be denied that Buckelew, while returning the McCord-Lane automobile to Blalock, was certainly performing "duties in connection with" the service station business conducted by Humble. This delivery was a part of the business of the service station. It is stipulated that Buckelew had performed this service for Blalock and McCord-Lane on many previous occasions.

The exact factual situation has not been presented to any Texas court for adjudication. However, practically all appellate decisions by the federal courts and courts of other states have decided the question contrary to the contention advanced by appellant.

In Universal Underwriters Ins. Co. v. Pan American Ins. Co., 450 F.2d 1050 (U. S.Ct.App. 5th Cir. 1971), the court had before it parallel facts to those in the instant case and concluded that while the Texas courts have not spoken on the precise question presented it was reasonably concluded that Texas would recognize and follow the weight of authority which denied coverage under the same exclusion now under consideration.

In Northern Assurance Co. v. Truck Insurance Exchange, 151 Mont. 132, 439 P.2d 760 (1968); Providence Washington Ins. Co. v. Glens Falls Ins. Co., 114 N.J.Super. 350, 276 A.2d 386 (1971); Northwestern Nat. Cas. Co. v. Safeco Ins. Co. of America, 121 Ga.App. 209, 173 S.E.2d 407 (1970); and Universal Underwriters Ins. Co. v. Northwestern National Ins. Co., 306 F.Supp. 437 (S.D.Ill.1969), the courts dealt with the identical policy exclusion as applied to similar facts as were stipulated in this case and in each instance held that the exclusion applied and that the insurance company was justified in denying coverage. The rationale of the cases is summarized by the Federal Court for the Southern District of Illinois in Universal Underwriters Ins. Co. v. Northwestern National Ins. Co., supra, as follows:

"Plaintiff argues that contracts of insurance are to be construed most strongly against the insurer; therefore, by the proper construction favoring the insured, this court should hold the exclusion inapplicable. This rule of construction, however, is founded upon the premise of existent ambiguity and has no application when the language is clear, * * *.

*       *       *       *       *       *

"The language in defendant's policy is quite clear: there is to be no coverage

while the automobile is being used by a person while that person is 'employed or otherwise engaged' in the automobile business, such business being defined in the policy as including the repairing or servicing of automobiles. * * *

"Howe Motor Sales was clearly engaged in the 'automobile business' and it is equally clear that Gale Bradford was 'employed' therein. In delivering the automobile to Dr. Franck's residence as requested, the operator, Gale Bradford, was pursuing an integral part of the business of Howe Motor Sales by providing a service of convenience to engender good will. This court is fully satisfied, therefore, that the occurrence was within the clear meaning of the exclusion in defendant's policy." (306 F. Supp. 439).

Appellant relies upon the one decision in the United States which supports its contention. In Dumas v. Hartford Accident & Indemnity Co., 181 So.2d 841 (La.App. 1966), that court held that a service station employee, returning the car to the customer, was not excluded from coverage because he "had completed his work of servicing the car and was driving the vehicle after the completion of his work." However, the Dumas opinion was specifically rejected in practically all of the cases heretofore cited and in Deville v. United States Fidelity & Guaranty Co., 258 So.2d 694 (La.App.1972), another Louisiana court of appeals applied the exclusionary clause and held that the same was not ambiguous. That court held that Dumas, in holding to the contrary "is in error." 258 So.2d 697.

In summary we hold that the policy provision is not ambiguous and that Buckelew, while engaged in the course and scope of his employment for Humble, in delivering the automobile back to Blalock's home, was clearly performing an act which is an integral part of the automobile business so that he is expressly excluded as a named insured under the policy issued by Lumbermens.

We cannot agree with appellant's second contention that the policy provision under consideration violates art. 6701h, Sec. 21(b), Tex.Rev.Civ.Stat.Ann., and is therefore void as against public policy. The answer to this contention is quite simple. Article 6701h has application only to an insurance policy which has been "certified as provided in Section 19 or Section 20 as proof of financial responsibility." Appellant admits in oral argument before this court that the policy now under consideration is not a "certified" one that is mentioned in art. 6701h. Under these facts appellant's contention of violation of public policy is without merit and overruled. Western Alliance Ins. Co. v. Albarez, 380 S.W.2d 710 (Tex.Civ.App., Austin 1964, writ ref'd n. r. e.) and United States Casualty Co. v. Brock, 345 S.W.2d 461 (Tex. Civ.App., Amarillo 1961, writ ref'd).

Appellant's points of error are overruled. The judgment of the trial court is affirmed.

BATEMAN, J., disqualified and took no part in the disposition of this appeal.