Bertram Harnett, J.
Here is another facet of the often complicated legal problem of concurrent insurance coverage. An auto painter finishes work on a customer’s car and while delivering it to the customer’s home causes an accident. Is the painter’,s insurance carrier liable to defend and indemnify the oar owner against a liability claim by the accident victim?
Martin Albach paints cars. He agreed to paint Melvin Sroka’s car and to return it to his home. On his way to deliver the car, Albach collided with a car owned by Robert Meoli. Meoli brought suit in Nassau District Court naming both car painter Albach and car owner Sroka as defendants. Home Insurance Company (Home) came in to defend as provided by its policy with car owner Sroka. But, Home claims that primary insurance coverage here comes from a “ garage keeper’s ” liability policy issued to oar painter Albach by Hartford Accident and Indemnity Company (Hartford) for his oar painting business. Because Hartford declined, Home seeks here a declaratory judgment that Hartford is primarily responsible to defend and indemnify in Meoli’s negligence action.
Home urges ia declaration that “ melvin sroka [the car owner] was insured under the terms of the insurance policy issued by the defendant [to the car painter] ”.
The “ Garage Liability ” portion of the Hartford policy provides : “ The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of * * * bodily injury or property damage to which this insurance applies * * * and the company shall have the right and duty to defend any suit against the insured (Emphasis indicates terms defined in the policy.)
Plainly, Albach is the named insured and therefore a party ‘1 insured ’ ’. But, is Sroka, the oar owner, an ‘ ‘ insured ’ ’ under the Hartford policy? In identifying the persons “insured”, section IV A (3) (b) of the Hartford policy includes “ any # * * person * * * with respect to his * * * liability because of acts or omissions of the named insured [Martin Albach] ”.
*102 On first blush, this appears to include owner Sroka whose liability could only be vicariously derived from the alleged negligence of the named insured, car painter Albach.
However, section IV A (iii) (a) of the Hartford garage keeper’s policy specifically excludes from the class of those “insured”: “any person * * * with respect to any auto-
mobile owned by such person ’ ’. Since ¡Sroka owns the car operated by the offending driver, Sroka is explicitly not insured by the Hartford policy.
On the other hand, under part I, exclusions paragraph (g) of the car owner’s policy with Home, the painter Albach is excluded from coverage. This exclusion encompasses use of the owner’s car “ by any person while such person is employed or otherwise engaged in the automobile business ’ ’, defined to include those servicing cars. Some cases have dealt with use of a car as the subject of a repair job. These 'authorities interpreted policies as to coverage of cars “used in the automobile business ”. (7 Appleman, Insurance Law and Practice, § 4372; Hammer v. Malherson Motors, 269 Minn. 563; Trolio v. McLendon, 9 Ohio St. 2d 103.) And the authorities vary as to the meaning of this “ use ” phrase. However, those cases did not apply here. The question here is whether the driver Albach was engaged in the automobile business at the time of the accident under exclusion (g) iof part I. The agreement to deliver the finished car was part .of and incidental fo the contract to paint it, and to the operation of Albach’s car painting business. (Switzer v. Merchants Mut. Cas. Co., 2 N Y 2d 575.) The Home policy affords no protection to Albach.
The interest insured under a liability policy is the loss to another coupled with the responsibility of the £ ‘ persons insured ”. Here, there is no concurrency of the persons insured by ithe two policies, and, hence, no concurrency of the interests insured. There .is in fact a divergence of the interests insured. Sroka is covered only under his Home auto liability policy, Albach only under his Hartford garage keeper’s policy. The question of primary versus excess insurance does not arise. Reinforcing this lack of concurrency, apparently only the owner, Sroka, was served to thi.s point in the District Court action.
Accordingly, the court rules that Hartford has no liability at this time to defend and indemnify Sroka. However, this does not limit any rights which either Sroka or Home may later effectively assert or have against Albach or Hartford for Albach’s claimed active negligence.