540 P.2d 203

**WESCO INSURANCE COMPANY, a corporation, Plaintiff-Appellee,**

v.

**Helen VELASQUEZ and Adan Velasquez, Defendants-Appellants.**

**No. 9959.**

Supreme Court of New Mexico.

Sept. 3, 1975.

Hinkle, Bondurant, Cox & Eaton, Paul J. Kelly, Jr., Roswell, for appellants.

Atwood, Malone, Mann & Cooter, R. E. Thompson, Roswell, for appellee.

## OPINION

MONTOYA, Justice.

This is an appeal by defendants, Helen Velasquez and her husband Adan Velasquez, from a Chaves County District Court judgment that under the provisions of an insurance policy issued by plaintiff Wesco Insurance Company (Wesco), defendants were not entitled to coverage.

At all times material to this controversy, defendants were the owners of an insurance policy issued by plaintiff Wesco. Mr. Velasquez operated an automobile body repair shop in Roswell, New Mexico. On November 11, 1970, Helen Velasquez, while returning an automobile repaired by her husband to a Mr. Bob Waugh in Artesia, New Mexico, was involved in an automobile accident several miles outside the city of Roswell. Mary Lou Torrez, a passenger in the automobile driven by Helen Velasquez, allegedly suffered injuries and subsequently filed suit in the District Court of Chaves County seeking to recover for her alleged injuries. As a result, Wesco filed a petition for declaratory judgment against defendants seeking to have

the court declare that the insurance policy in question did not provide coverage in respect to the accident of November 11, 1970.

The trial court made the following pertinent finding of fact and conclusions of law:

(Finding of Fact)

"17. The trip to Artesia in the 1968 Ford on or about November 11, 1970, was a result of and a part of Adan Velasquez' automobile repair business, and at that time, Helen Velasquez was using the 1968 Ford while engaged in the automobile business of the insured."

(Conclusions of Law)

"3. Helen Velasquez was acting as agent for Adan Velasquez when she was delivering the 1968 Ford to Bob Waugh in Artesia.

"4. The automobile body repair business of Adan Velasquez was within the policy meaning of 'automobile business'.

"5. In delivering the 1968 Ford to Bob Waugh, Helen Velasquez was using or maintaining a non-owned automobile while engaged in the automobile business of the insured and the policy does not apply to the accident in question."

On January 3, 1974, defendants filed a timely notice of appeal.

Other findings made by the trial court are to the effect that defendant Adan Velasquez did automobile repair work for used car dealers, including Mr. Waugh whose business was located at Artesia, New Mexico, and that in some instances he returned the vehicles to Waugh in Artesia as an accommodation. A few days prior to the accident in question, Mr. Waugh delivered the subject automobile to the defendant Adan Velasquez' body shop. On November 10, 1970, Mr. Waugh hired a driver to go to Roswell to drive back the repaired automobile. Because the repairs were not completed, the automobile remained in the body shop and Adan Velasquez agreed to deliver the automobile to Mr. Waugh at Artesia. It was then taken to the Velasquez' home for delivery on November 11, 1970, to Mr. Waugh in Artesia by defendant Helen Velasquez, who had agreed to do so.

Although findings to this effect were refused by the trial court, the evidence shows that Mrs. Velasquez was attending night classes in Artesia and was going to Artesia to attend a class when the accident took place.

Other findings refused by the trial court were to the effect that the policy exclusion did not define the phrase "engaged in" and that therefore an ambiguity exists. The relevant exclusionary provision of the policy reads as follows:

"EXCLUSIONS. This policy does not apply under Part I:

* * * ;

(h) to a non-owned automobile while maintained or used by any person while such person is employed or otherwise *engaged in*

(1) *the automobile business* of the insured or of any other person or organization,

* * * ." (Emphasis added.)

Under the "DEFINITIONS Under Part I" of the policy "automobile business" is defined as meaning "the business or occupation of selling, repairing, servicing, storing or parking automobiles."

We address ourselves to the questions as to whether the defendant Helen Velasquez was "engaged in the automobile business" as found by the trial court, and whether an ambiguity exists in such a phrase. The answer to those questions is determinative of this appeal.

There is no doubt that Mr. Velasquez was engaged in the automobile business, and the question is whether Mrs. Velasquez, being asked by her husband to drive Mr. Waugh's automobile in question to his place of business in Artesia, under the circumstances herein, would exclude coverage.

■ We agree with the trial court, that in driving the vehicle to Artesia Mrs. Ve-

lasquez was using Mr. Waugh's vehicle while engaged in the automobile business of the insured Mr. Velasquez. We, therefore, agree that the trial court was correct in concluding that Mrs. Velasquez was acting as an agent of her husband while delivering the car to Mr. Waugh in Artesia. The facts as found by the trial court are amply supported by substantial evidence.

■■ It is clear that unambiguous insurance contracts, like any other contract, must be construed in their usual and ordinary sense unless the language of the policy requires something different. *Couey v. National Benefit Life Insurance Company,* 77 N.M. 512, 424 P.2d 793 (1967). We see no ambiguity in the automobile business exclusion in the policy in question herein. By its terms, it states that the policy will not apply to a non-owned automobile if it is used by any person while such person is employed or otherwise engaged in the automobile business of the insured. The policy also defines "automobile business" to be, among other things, "repairing automobiles."

■ Defendants Velasquezes contend that the automobile business exclusion did not apply because the trip had a dual purpose. A similar contention was made in *Northern Assurance Co. v. Truck Insurance Exch.,* 151 Mont. 132, 439 P.2d 760 (1968). There, one Goldie Flodberg requested her son Wallace Flodberg, who was in the auto repair business, to do some work on her car. The son drove the mother's car from her house across the street from his home to a garage where a serviceman did the repair work for which $2.00 was charged. At the end of the day, when Wallace Flodberg was driving his mother's car home to return it to her, he was involved in an accident. Goldie Flodberg's insurer denied coverage but undertook the defense to prevent default. The suit was subsequently compromised and suit was brought by Goldie's insurer to declare the insurer of Wallace liable on its own policy. The issue was whether the automobile exclusion clause in the Goldie Flodberg policy excluded Wallace Flodberg from coverage. There the exclusion clause excluded coverage under Part I (151 Mont. at 134, 439 P.2d at 762):

" * * * (g) to an owned automobile while used by any person while such person is employed or otherwise engaged in the automobile business, * * *."

It further defined automobile business as "the business or occupation of selling, repairing, servicing, storing or parking automobiles." The Montana Court held the exclusion did apply when the automobile was being delivered to the customer. As to the dual purpose theory, the court stated (151 Mont. at 136, 439 P.2d at 763):

"Appellant next asserts that Wallace Flodberg is not within the terms of the exclusion for his use of the automobile was for his own personal use and convenience. This assertion is based upon the fact that Wallace Flodberg used his mother's car for transportation to and from work on that day. We find that the benefit to Wallace Flodberg was incidental. The basic reason for his use that particular day was to get the automobile to and from the garage for the repairs. There was no showing that Wallace Flodberg did more than drive it to and from work and this one use was not deviated from. His only benefit was transportation to and from work which was merely incidental to the basic purpose."

See also *Haley v. State Farm Mutual Automobile Ins. Co.,* 130 Ga.App. 258, 202 S.E.2d 838 (1973); *Continental Nat. American Gp. v. Allied Mut. Ins. Co.,* 95 Idaho 251, 506 P.2d 478 (1973); *Western Casualty & Surety Company v. Verhulst,* 471 S.W.2d 187 (Mo.1971).

Accordingly, in view of the foregoing, we hold that the judgment of the trial court was correct and it should be affirmed.

It is so ordered.

McMANUS, C. J., and OMAN, J., concur.