OPINION OF THE COURT
Eli Wager, J.
This is an action for judgment declaring the respective obligations of three liability insurance carriers with respect to an accident in which their insureds were involved.
THE FACTS
Defendant Alfred Nevins ("Nevins”) is the owner and principal shareholder of Woodside Auto Painting, Inc. ("Woodside”), which conducts business under the trade name of Nationwide Auto Painting Co., an automobile painting business located in Queens. Nevins resided in Baldwin in Nassau County where he was a friend and neighbor of defendant Morton Schreier ("Schreier”). In September of 1977 the two arranged for Nevins to drive Schreier’s Buick automobile to Woodside for the purpose of repairing and painting the rear fender and to return the vehicle to Baldwin when the work was completed. It appears that Nevins had performed similar services for Schreier and others 20 to 25 times during the 7 or 8 years prior to the instant occasion. Nevins testified in his deposition that he regarded the arrangement as a favor and that a charge for the service was not discussed with Schreier, although Schreier was in fact billed for the repairs.
On September 8, 1977 Nevins left Woodside at about 8:00 p.m. in Schreier’s vehicle, the work on it having been completed. On the way home, he stopped to visit his mother in Coney Island and then continued towards Baldwin. As he arrived at the intersection of Sunrise Highway and Franklin Avenue, a point he would have reached had he gone directly home, he was involved in an accident with a vehicle owned by defendant Randy Rubin. Marilyn Rubin, the operator of the Rubin vehicle, and Seymour Rubin, a passenger therein, were injured. The Rubins have commenced an action for money damages against Nevins and Woodside in the District Court, Nassau County.
THE POLICIES
At the time of the accident, there was in effect (1) an *1018 automobile liability policy issued by defendant Aetna Life and Casualty Insurance Company ("Aetna”) to defendant Schreier; (2) an automobile liability insurance policy issued by Government Employees Insurance Company ("Geico”) to Nevins; and (3) a liability insurance policy containing a provision for "Garage Insurance” issued by plaintiff North East Insurance Company ("North East”) to Woodside. Each insurer now asserts that the Rubins’ claim is a noncovered risk under its respective policy.
The automobile liability policy issued by Aetna to defendant Schreier contains a standard omnibus clause providing coverage for, in addition to the named insured and members of the same household, any other person using such automobile with the permission of the named insured. The policy provides an exclusion for, inter alla, "an owned automobile while used by any person while such person is employed or otherwise engaged in the automobile business, but this exclusion does not apply to the named insured, a resident of the same household as the named insured, a partnership in which the named insured or such resident is a partner, or any partner, agent or employee of the named insured, such resident or partnership.” "Automobile business” is defined in Aetna’s policy as "the business or occupation of selling, repairing, servicing, storing or parking automobiles.”
The liability policy issued by Geico to Nevins is substantially similar to the policy issued by Aetna. Pertinent to a claim against Nevins is the exclusion with respect to the use of nonowned automobiles; to wit, there is no coverage if such an automobile is "used by any person while such person is employed or otherwise engaged in (1) the automobile business of the insured or any other person or organization”.
The "garage insurance” portion of the policy issued by North East provides coverage for bodily injury or property damaged "caused by an occurrence and arising out of garage operations, including only the automobile hazard for which insurance is afforded as indicated in the schedule.”
The policy defines "automobile hazard” as:
"Automobile Hazard 1.
"(1) the ownership, maintenance or use (including loading or unloading) of any automobile for the purpose of garage operations, and (2) the occasional use for other business purposes and the use for non-business purposes of any automobile owned by or in charge of the named insured and used princi *1019 pally in garage operations, and (3) the ownership, maintenance or use of any automobile owned by the named insured while furnished for the use of any person.
"Automobile Hazard 2.
"The use in connection with garage operations of any automobile which is neither owned nor hired by the named insured, a partner therein or a member thereof, or a member of the same household as any such person.”
The phrase "garage operations” is defined as "the ownership, maintenance or use of the premises for the purposes of a garage and all operations necessary or incidental thereto.”
THE LAW
Although Nevins is clearly an additional insured under the policy issued by Aetna since he was driving with Schreier’s permission, it appears that he comes within the exclusion for persons engaged in the "automobile business” as the definition in the policy has been construed by the courts.
The omnibus clause, which is substantially in the form required by the department regulations (11 NYCRR 60.1 [c]), is apparently a standard clause through the country (Humble Oil & Refining Co. v Lumbermens Mut. Cas. Co., 490 SW2d 640 [Tex]). The exclusion has been construed as not turning on whether the vehicle was "used” in the automobile business but rather whether the person operating it was employed or otherwise engaged in duties in "connection with” such business (Humble Oil & Refining Co. v Lumbermens Mut. Cas. Co., supra). Thus, most jurisdictions construe the exclusion as applicable to accidents occurring during pickup and delivery on the theory that such service is an integral part of the business activities (see, e.g., State Farm Mut. Auto. Ins. Co. v McAnally, 49 Ill App 3d 475; Deville v United States Fid. & Guar. Co., 258 So 2d 694 [La]; Weston v Great Cent. Ins. Co., 514 SW2d 17 [Mo]; Humble Oil & Refining Co. v Lumbermens Mut. Cas. Co., supra; Universal Underwriters Ins. Co. v Pan Amer. Ins. Co., 450 F2d 1050; see, also, Home Ins. Co. v Hartford Acc. & Ind. Co., 80 Misc 2d 100). Where the accident occurs during a pickup or delivery, the exclusion is applicable even though the parties are related (see Weston v Great Cent. Ins. Co., supra) even though the pickup and delivery service is claimed to be in the nature of a favor (see Pollard v Safeco Ins. Co., 52 Tenn App 583). In the pickup and delivery sitúa *1020 tian, the person engaged in the automobile business is considered a bailee rather than the agent of the insured (Bounds v Travelers Ins. Co., 242 Ark 787; Great Cent. Ins. Co. v Harris, 46 Ill App 3d 542; see Nationwide Mut. Ins. Co. v Exchange Mut. Ins. Co., 49 Misc 2d 707).
The exclusion is applicable even where the accident occurs during a detour if the main purpose of the trip is business related (see Canadian Ind. Co. v Western Nat. Ins. Co., 134 Cal App 2d 512; Barry v Sill, 191 Minn 71). It appears that the exclusion will be deemed inapplicable in the case of a deviation only where the accident occurs during the course of a trip which is totally unrelated to any business purpose (see, e.g., State Farm Mut. Auto. Ins. Co. v Mohan, 85 Ill App 2d 10; Lewandowski v National Grange Mut. Ins. Co., 149 NJ Super 591 [construing New York law]; Employers Mut. Cas. Co. of Des Moines, Iowa v Federated Mut. Implement & Hardware Ins. Co., 213 F2d 421).
Since Nevins was "engaged in the automobile business” as the phrase is defined in Aetna’s policy and has been construed by the courts, it appears that Aetna is not the primary insurer in a negligence action against Nevins and Woodside. Nor is Geico, since its policy covering Nevins excludes the use of nonowned vehicles by one "employed or otherwise engaged in * * * the automobile business of the insured.” Ipso facto, the Rubins’ claim is squarely within the coverage provided by the North East policy: the Rubins’ claim arises out of "garage operations” and the use of a nonowned vehicle "in connection with garage operations”.
Thus, the parties are entitled to a judgment declaring that North East Insurance Company is obligated to defend and indemnify Nevins and Woodside in the pending automobile negligence action brought by the Rubins.