HERBERT H. JAMES, Plaintiff and Appellant, v. THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, a New Jersey Corporation and the Anaconda Copper Mining Company, Defendants and Respondents.

No. 9446.
312 Pac. (2d) 125.
Submitted May 9, 1957. Decided May 22, 1957.
Rehearing Denied June 28, 1957.

474

Mr. William N. Geagan, Butte, for appellant.
Messrs. Corette, Smith & Dean, Butte, for Prudential Ins. Co.
Mr. James T. Finlen, Mr. William M. Kirkpatrick, Mr. Robert G. Dwyer and Mr. William J. Kelly, Butte, for Anaconda Copper Min. Co.
Mr. Geagan and Mr. Kendrick Smith argued orally.

MR. JUSTICE CASTLES:

This is an appeal by plaintiff from a judgment for defendants entered on an order sustaining separate general demurrers to plaintiff's complaint, plaintiff then electing to plead no further.

Plaintiff seeks recovery of a death benefit payable under a group life insurance contract, issued effective April 17, 1951, by defendant, Prudential Insurance Company of America, upon an employee of defendant, Anaconda Copper Mining Company, evidenced by a certificate issued to defendant mining company's former employee, Hubert Richard Doyle, naming plaintiff, Herbert H. James, beneficiary. Monthly premiums were paid to the defendant insurer by defendant, Anaconda Copper Mining Company, out of deductions from the insured employee's wages.

That Doyle's group certificate was effective from April 17, 1951; that Doyle was an employee on that date and continuously employed and insured thereafter until January 10, 1952; that his employment was then terminated; and that thereafter Doyle was disabled within the meaning of his insurance certificate until his death on December 18, 1952, is not in dispute. From this it follows that the period of the employee's insurance coverage, from the effective date of the certificate to the date his employment terminated, is eight months and twenty-four days. It follows that the period thereafter, from termination of employment to date of death, over which insurance must be extended if plaintiff is to recover, is eleven months and ten days.

The only question raised by this appeal is the sufficiency of plaintiff's complaint; and, specifically, whether the insured's death is within the particular wording of the extended coverage clause of the insured employee's group certificate. In a word, can Doyle's beneficiary collect? What is said in the following discussion makes a ruling unnecessary as to whether the defendant, Anaconda Copper Mining Company, is a necessary and proper party.

On appeal, the plaintiff beneficiary urges ambiguity of wording in the contract of insurance, sufficient to raise presumptive interpretation against defendant insurer, under the so-called extended death benefit clause of deceased's group certificate. The portion in question reads, in part, as follows:

"Extension of Death Benefit—Upon receipt by * * * [the insurer] * * * of due proof * * * that the death of an employee formerly insured * * * occurred * * * (b) within twelve months after termination of his employment or within a period after such termination of employment equal to the time during which employees' insurance was continuously in force within the period immediately preceding such termination of employment, *whichever may be the shorter period,* and (c) * * * the insurer * * * will pay * * * such amount of insurance as may have been in force on his [the employee's] life on the date on which his employment terminated * * *." (Emphasis supplied).

This provision requires total continuous disability ending in death either within twelve months of termination of employment, or, if continuously insured employment was for less than twelve months, then within a time after employment terminated no greater than the time employee was continuously insured immediately before employment terminated. Such is the obvious import of the phrase "whichever may be the shorter period." In this provision the court finds no ambiguity. Finding none the court can invoke no rule of construction in aid of plaintiff.

The allegations of plaintiff's complaint are taken as admitted

■ on this appeal. The facts alleged are his. The question then arises, how long was this employee continuously insured before employment ended and how long thereafter till he died? By simple mathematical computation we find the following from the allegations of the complaint:

*Period of continuous insurance coverage* ending in termination of employment: April 17, 1951, to January 10, 1952; total time elapsed, eight months and twenty-four days;

*Period of continuous total disability* ending in death following termination of employment: January 10, 1952, to December 18, 1952; total time elapsed, eleven months and ten days;

*Difference in time* by which insurance coverage before employment terminated falls short of time of disability after employment terminated; two months and fourteen days. The "shorter period" is obviously eight months and twenty-four days, which causes the death to be two months and fourteen days too late for any possible recovery under the extended death benefit provision of this group certificate. In this situation, the terms of the group certificate specify no recovery.

The provisions of the certificate extending the death benefit are so clear, unambiguous and unequivocal they need no interpretation. They explain themselves. Plaintiff argues that this subdivision (b) of the group certificate is uncertain. Plaintiff has even labelled the clause "absurd." We find no absurdity in providing for alternative periods of extended death coverage. We see no ambiguity in specifying that where the alternate period of continuously insured employment is less than twelve months at the date employment ceased, the shorter period controls. As shown above, the right to the extended death benefit here requires no elaborate judicial interpretation; it can be determined by mere computation of time.

Ambiguities in contracts within the rule requiring insurance ■ policy contracts to be interpreted most strongly against the insurer arise neither from the mere mathematical computation of elapsed time nor by assertions disputed between litigants. See 29 Am. Jur., Insurance, section 159, page 175 and section

166, p. 185; American National Bank at Indianapolis v. Service Life Ins. Co., 7 Cir., 1941, 120 F. (2d) 579, 137 A.L.R. 1148. Provisions for extension of death benefits appearing in employee group life insurance certificates form no exception to this rule. See Jensen v. John Hancock Mut. Life Ins. Co., 266 Wis. 595, 64 N.W. (2d) 183, 186; Bradley v. Prudential Ins. Co., 9 Cir., 1934, 70 F. (2d) 988, 989; Conlon v. Northern Life Ins. Co., 108 Mont. 473, 498, 92 Pac. (2d) 284; Schroeder v. Metropolitan Life Ins. Co., 103 Mont. 547, 558, 63 Pac. (2d) 1016.

The plaintiff urges a number of cases to the effect that an ▪ uncertain contract should be interpreted most strongly against the party causing the uncertainty. Such is the Montana rule. R.C.M. 1947, section 13-720. But even though it is a cardinal principle of insurance law that a contract of insurance is to be construed liberally in favor of the insured and strictly against the insurer, contracts of insurance should be given a fair and reasonable construction. Park Saddle Horse Co. v. Royal Indemnity Co., 81 Mont. 99, 111, 261 Pac. 880. In arriving at such construction, no matter how strictly construed against the insurer, the intention of both insurer and insured is to be ascertained from the language of the policy. R.C.M. 1947, section 13-704. Effect must be given to every part of the policy contract. R.C.M. 1947, section 13-707. The words of the contract are to be understood in their usual meaning. R.C.M. 1947, section 13-710. Common sense controls.

The plain language of the extended death benefit leaves no room for uncertainty. Furthermore, it is a reasonable provision designed to give a maximum time of extended death protection, that is, twelve months to regular employees, and a maximum lesser time of extended death protection to casual employees, effecting the latter by matching equally the period of extended coverage during which the death benefit may be collected against the full time of the less than twelve month period of insured casual employment. Throughout such time, Doyle's insurance would have been paid.

We find no ambiguity of contract. It becomes, therefore, a

matter of law that Doyle's insurance ended before Doyle's life. That being apparent from the face of the complaint, the trial court properly sustained the general demurrers of the defendants.

The judgment of the district court is affirmed.

MR. CHIEF JUSTICE HARRISON and MR. JUSTICES BOTTOMLY, ANGSTMAN, and ADAIR, concur.