MAXINE HILDERBRANDT, Individually and as Guardian ad Litem of DANETTE HILDENBRANDT, a Minor, TANYA HILDEBRANDT, and RONELLE HILDEBRANDT, Plaintiffs and Appellants, v, WASHINGTON NATIONAL INSURANCE COMPANY, Defendant and Respondent.

No. 14052.
Submitted Oct. 16, 1978.
Decided April 6, 1979.
593 P.2d 37.

Calvin A. Claton, argued, Reno & Dolve, Billings, for plaintiffs and appellants.

Crowley, Haughey, Hanson, Toole, & Dietrich, Billings, Ronald R. Lodders, argued, Billings, for defendant and respondent.

MR. JUSTICE SHEA delivered the opinion of the Court.

Plaintiffs appeal from a judgment of the Yellowstone County District Court, determining that an insurance policy on the life of Earl E. Hildebrandt had not taken effect at the time of his death, and therefore, that the named beneficiaries were not entitled to recover the benefits of the policy.

The pertinent facts are as follows. On or about October 16, 1972, Earl E. Hildebrandt applied for a life insurance policy with

the Washington National Insurance Company (Washington National). At the time he submitted his application for insurance, Hildebrandt was 39 years old and employed by Washington National as a general agent. The fact that Hildebrandt was both an agent for Washington National and an applicant for insurance, adds an unusual twist to this case because Hildebrandt was able to complete Washington National's standard life insurance application, including a portion covering aviators, and then issue himself a conditional premium receipt. The conditional premium receipt stated in essence that Earl E. Hildebrandt (agent) had received $31.75 from Earl E. Hildebrandt (applicant) as payment of the first premium on the applied-for-policy. The conditional premium receipt also contained terms which established the effective date of the policy.

On October 20, 1972, four days after mailing his application to Washington National, Hildebrandt was killed when his private airplane crashed near Billings, Montana. When Washington National learned of Hildebrandt's death, they refunded the $31.75 prepaid premium to Hildebrandt's executor and declared that they had no further liability to the beneficiaries named in Hildebrandt's application.

Maxine Hildebrandt, Hildebrant's ex-wife and one of the beneficiaries named in the October 16 application, filed this action in the District Court seeking to recover $70,240.00 which she claimed to be due and payable from Washington National. Washington National denied any liability to Maxine Hildebrandt or the other plaintiffs. Washington National claimed that a binding insurance contract did not exist between Hildebrandt and Washington National because Hildebrandt had not complied with the conditions set out in the application and conditional premium receipt.

The case was tried on June 6, 1977. Plaintiffs did not call any witnesses during the one day trial; they relied solely on the documents completed by Hildebrandt, and admissions made by Washington National during discovery. Washington National call-

ed two witnesses, Charles Germann and Alfred Neil Timberman. They testified principally about Washington National's business practices and Earl Hildebrandt's role in that business.

On October 25, 1977, the trial court entered an order dismissing the complaint against Washington National on the ground that a binding insurance contract did not exist at the time of Earl E. Hildebrandt's death. We agree with the District Court that the acts of Hildebrandt did not create a binding contract of insurance.

Because Washington National did not issue an insurance policy to Hildebrandt, any contractual obligation on Washington National's part must be gleaned from Hildebrandt's application for insurance and the company's conditional premium receipt.

The application for insurance expressly states that any coverage under the application "shall become effective as provided in and subject to the terms and conditions of the Conditional Premium Receipt". The conditional premium receipt states that *no* insurance is provided "unless and until its conditions are met". For our purposes, there are two "conditions" in the conditional premium receipt which are important. The first states that the insurance coverage from the date of the application *if* all "required medical examinations" have been taken by the applicant. The second condition provides "that in the event of the death of the Proposed Insured the total liability of the Company shall not exceed $100,000 inclusive of life insurance then in force on such person with the Company".

■ Though we recognize that life insurance contracts must be construed in favor of the consumer and against the insurance company, nonetheless, insurance contracts are still subject to the general rules of contract law, and our liberal construction should not abrogate or ignore critical provisions of a contract. See: *Schroeder v. Metropolitan Life* (1936), 103 Mont. 547, 560, 63 P.2d 1016.

■ The language in the conditional premium receipt must be construed as a condition precedent which precludes recovery by Hildebrandt's beneficiaries. The conditional receipt specifically

provides that "said insurance shall be in force in accordance with the provisions of the policy from the date of the application *or* the date of the last of any *required* medical examinations, whichever is the later date." (Emphasis added.) Standing alone, this section would not preclude recovery by Hildebrandt's beneficiaries. However, Charles Germann, third vice president of Washington National, testified that the established underwriting rules of Washington National required Hildebrandt to submit to a medical examination and urine analysis before Washington National could issue him a policy with a commuted value in excess of $70,000. Germann also testified that the medical examination would not be waived by the company.

Based on this testimony, it is clear that a medical examination was a condition precedent to a binding contract between Hildebrandt and Washington National. Since the record reflects that Hildebrandt did not comply with this condition, there was no binding contract for life insurance. *Schroeder*, supra at 560, 63 P.2d 1020.

We additionally note that the second condition in the conditional premium receipt precludes a recovery by these plaintiffs. It establishes the maximum amount of liability that Washington National could incur under the conditional premium receipt. The amount is $100,000 "inclusive of life insurance then in force on such person with the Company." The record shows that Hildebrandt already had in excess of $100,000 in coverage with Washington National at the time he applied for additional insurance on October 16, 1972. Therefore, the second condition in the conditional premium receipt also bars recovery by these plaintiffs.

Plaintiffs seemingly concede that Earl E. Hildebrandt did not satisfy the conditions contained in the conditional premium receipt, but they urge this Court to overlook Hildebrandt's noncompliance and allow recovery on the insurance policy. They rely on *Gaunt v. John Hancock Mut. Life* (2d Cir. 1947), 160 F.2d 599, cert. den. 331 U.S. 849, 67 S.Ct. 1736, 91 L.Ed. 1858, and a line of of cases adopting the *Gaunt* reasoning.

*Gaunt* and its progeny hold that under certain circumstances, the acceptance of a first premium on a life insurance policy has the effect of creating a temporary contract of life insurance. See: *Tripp v. Reliable Life Insurance* (1972), 210 Kan. 33, 499 P.2d 1155; *Dunford v. United of Omaha* (1973), 95 Idaho 282, 506 P.2d 1355; *Long v. United Benefit Life Insur. Co.* (1973), 29 Utah 2d 204, 507 P.2d 375; and *Toevs v. Western Farm* (1971), 94 Idaho 151, 483 P.2d 682.

We do not question the propriety of *Gaunt*, nor the cases which have adopted its reasoning. However, there are two elements present in those decisions which are not present here. First, each case involved language in the premium receipt, or acts by the insurance agent, which would lead a layman to believe that the insurance was effective immediately. Second, each case involved unequal bargaining power between the applicant and the insurer. Given these two factors, the courts have construed the contract in the insured's favor to allow recovery.

In the present case, Hildebrandt dealt only with himself; therefore, there was no agent who misrepresented the effective date of the policy. Additionally, the language of the conditional premium receipt should not have been confusing to Hildebrandt, for he had over eighteen years of experience dealing with that type of contract. These years of experience negate any argument that he could have misconstrued the effect of the temporary premium receipt. We therefore conclude that the *equitable* doctrine announced in the *Gaunt* case has no application to the facts of this case.

The judgment of the District Court is affirmed.

MR. CHIEF JUSTICE HASWELL and JUSTICES DALY and SHEEHY concur.