BASIL A. BOLDT, Plaintiff and Respondent, v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a corporation, Defendant and Appellant.

No. 11399.
Submitted April 2, 1968. Decided July 11, 1968.
443 P.2d 33.

Cooke, Moulton, Bellingham, Longo, & Mather, Ward Swanser, argued, Billings, for defendant and appellant.

Shone & Sullivan, A. G. Shone, argued, Butte, for plaintiff and respondent.

MR. JUSTICE HASWELL delivered the Opinion of the Court.

This is an appeal by defendant from an order granting summary judgment to plaintiff. Plaintiff's action sought recovery from defendant insurance company of the amount of a judgment previously secured by plaintiff against the insured arising out of an automobile accident.

Plaintiff is Basil A. Boldt, who was injured in an automobile accident on November 15, 1958, while riding as a passenger in a truck which was struck by an automobile driven by L. D. Gibson, a driver covered by the provisions of the automobile liability insurance policy in question. Plaintiff sued Gibson for damages as a result of personal injuries he suffered in the accident and on August 6, 1962, recovered a judgment therein of $3,310.53. After the appeal period expired and the judgment became final, plaintiff filed the instant case against Gibson's insurer, State Farm Mutual Automobile Insurance Company, to recover the amount of his judgment against Gibson.

The defense of the insurer in the instant case is that the automobile accident of November 15, 1958, was not reported to it until approximately a year later; that this failure constituted a breach of the policy provisions, and by reason thereof it was not liable under the terms of the policy in question. It should be noted that upon notification of the accident, the insurer proceeded with the investigation and subsequent defense of plaintiff's action against Gibson under a "reservation of rights" agreement.

At the hearing on plaintiff's motion for summary judgment in the instant case the parties agreed "(1) That Plaintiff's Motion for Summary Judgment may be deemed to be submitted solely on the question of whether or not it is governed by Section 53-438 Revised Codes of Montana, 1947."

On July 19, 1967, the district court of Treasure County

granted plaintiff's motion for summary judgment and entered judgment against defendant in the amount of plaintiff's judgment against Gibson and interest. Defendant appealed from that order and judgment.

The sole issue presented for review is the correctness of the order granting plaintiff's motion for summary judgment and the judgment entered thereon. Determination of this issue turns on whether the Motor Vehicle Safety Responsibility Act renders inoperative the policy defense of failure to notify the insurer seasonably of the occurrence of the accident..

Plaintiff contends (1) that the language of the policy subjects it to the provisions of the Motor Vehicle Safety Responsibility Act and (2) that public policy requires that the Motor Vehicle Safety Responsibility Act be interpreted to bring this insurance policy within its provisions. Plaintiff further argues that because the provisions of the Act amend the policy by eliminating any defense based upon failure of the insured to seasonably notify the insurer of the occurrence of the accident, plaintiff is entitled to judgment as a matter of law.

On the other hand, defendant contends that only insurance policies issued under the provisions of the Motor Vehicle Safety Responsibility Act as proof of future financial responsibility are subject to its terms, that the policy in question was not so issued, and that the policy defense of lack of notice is unaffected by the act. As a result there are factual questions involving this defense yet to be resolved precluding entry of summary judgment for plaintiff.

At the outset it is clear that unless the provisions of the Act barring the defense of lack of notice are applicable to the policy in question, either pursuant to the language of the policy or the provisions of the Act, plaintiff's summary judgment cannot stand.

In our view there is nothing in the language of the insurance policy that incorporates the provisions of the Motor Vehicle Safety Responsibility Act therein unless such Act is otherwise

applicable by its own terms. On the contrary the policy specifically provides as follows: "FINANCIAL RESPONSIBILITY LAWS. *When certified as proof of future financial responsibility under any motor vehicle financial responsibility law and while such proof is required during the policy period, this policy shall comply with such law if applicable,* to the extent of coverage and limits required thereby, but not in excess of the limits of liability stated in this policy. The insured agrees to reimburse the company for any payment made by the company which it would not have been obligated to make under the terms of this policy except for the agreement contained in this paragraph." (Emphasis added). This provision clearly indicates that the provisions of the Motor Vehicle Safety Responsibility Act are not included as a part of the policy: (1) unless the policy is certified as proof of future financial responsibility, (2) during the time that proof of future financial responsibility is required under the Act, and (3) the Act requires the policy to conform to its provisions. Accordingly we must look to the provisions of the Act alone to determine whether its provisions are applicable to the policy in question.

In interpreting the Montana Act, counsel for both parties have directed our attention to numerous cases from other jurisdictions claimed to have similar Acts. We have examined these cases and it is readily apparent that there is a substantial conflict of authority as to whether the requirements of automobile liability insurance policies contained in these acts apply to all automobile liability policies. See 8 A.L.R.3rd 388 for a collection of cases from all jurisdictions.

Montana's Motor Vehicle Safety Responsibility Act was enacted by the Legislature in 1951 (Chap. 204, L.1951) and is contained in sections 53-418 through 53-458, R.C.M. 1947, as amended. It has been subsequently amended in minor particulars since that time, but it remains substantially as originally enacted. The overall purpose of the Act as stated in its title is to eliminate reckless and irresponsible drivers from Montana

highways and to accomplish this purpose comprehensive requirement were enacted relating to reporting of accidents, posting security for payment of damages, furnishing proof of financial responsibility, reporting non-payment of judgments, providing for suspension of licenses and registration, and many others. The Act provides for certain exceptions and limitations to these requirements under certain circumstances.

It should be noted that insofar as the financial responsibility provisions of the Act are concerned, it requires (1) the posting of security to answer for damages in an accident that has already occurred, and (2) the furnishing of proof of financial responsibility for damages in future accidents. These requirements are not absolute but are applicable under certain circumstances and are subject to certain limitations and exceptions.

The provisions of the Act relating to security for damages in an accident that has already occurred require a report of the accident showing, among other things, whether the driver is exempt from posting security (section 53-421) and providing for exemption "if [there was] in effect at the time of such accident an automobile liability policy" (section 53-422). In short, if the driver is already insured under an "automobile liability policy" at the time the accident occurs, he is exempt from all requirements of the Act relating to posting security to answer for damages in the accident.

The Act also contains provisions relating to furnishing proof of future financial responsibility under certain circumstances. Generally speaking, proof of future financial responsibility is required (1) if a judgment arising out of liability for damages in an automobile accident is outstanding and unsatisfied (subject to exceptions not pertinent to the instant case), section 53-430; or (2) in case of conviction or forfeiture of bail for certain driving offenses, section 53-434. Proof of financial responsibility means "Proof of ability to respond in damages for liability, on account of accidents occurring subsequent to the

effective date of said proof" (section 53-418), and such proof when required by the Act may be given by filing a certificate of insurance as provided in section 53-436 or section 53-437 (section 53-435). Section 53-437 is applicable only to non-residents and therefore is not pertinent to the instant case. Section 53-436 provides that the certificate of insurance filed as proof of financial responsibility must be a "written certificate of any insurance carrier duly authorized to do business in this state certifying that there is in effect a motor vehicle liability policy for the benefit of the person required to furnish proof of financial responsibility" and must give the effective date of such policy "which date shall be the same as the effective date of the certificate".

Section 53-438 defines a "motor vehicle liability policy" as that term is used in the Act as "an owner's or operator's policy of liability insurance, certified as provided in section 53-436 or section 53-437 as proof of financial responsibility and issued * * * by an insurance carrier duly authorized to transact business in this state, to or for the benefit of the person named therein as insured." This section further provides that under such a "motor vehicle liability policy" the liability of the insurer become absolute under the policy when an accident occurs and provides that "no violation of said policy [by the insured] shall defeat or void said policy". (Bracketed words added)

From the foregoing provisions it is apparent that the general legislative intent in enacting the financial responsibility provisions of the Motor Vehicle Safety Responsibility Act was (1) to provide for voluntary and not compulsory automobile liability insurance for a motorist who has not become involved in an automobile accident, (2) to require compulsory proof of ability to respond in damages resulting from an automobile accident after a motorist becomes involved in such accident, and (3) to require compulsory proof of financial responsibility for future automobile accidents from a motorist (a) convicted

of certain driving offenses, or (b) who has an outstanding unsatisfied judgment against him as a result of a past automobile accident. A motorist who voluntarily carried an ordinary automobile liability policy at the time he became involved in an accident is exempted from the requirement of proof of ability to respond in damages for that accident. A motorist who has neither been convicted nor forfeited bail for one of the driving offenses referred to in the Act nor who has an outstanding, unsatisfied judgment against him as a result of a previous automobile accident is not required to post proof of future financial responsibility at all.

In the instant case the automobile liability policy was simply an ordinary policy voluntarily carried by a motorist who had not previously been involved in an automobile accident. Following the accident in question he was exempted from proof of ability to respond in damages because he was insured under the policy at the time of the accident. He was not required to prove financial responsibility for future accidents because he had not been convicted or forfeited bail for any driving offense designated in the Act nor had he any outstanding unsatisfied judgment against him until at least four years later when the policy in question was no longer in effect. Additionally, the policy was not certified as proof of future financial responsibility by his insurer under the terms of the Act. For these reasons the mandatory requirements of section 53-438 relating to policies issued as proof of future financial responsibility under the Act and eliminating policy defenses therefrom never attached to the policy in question. Accordingly, the policy provisions requiring seasonable notice of the occurrence of the accident to be given to the insurer remained unaffected and in force. Mr. Chief Justice Harrison recently expressed this thought in the following language in Northern Assurance Company of America v. Truck Insurance Exchange, 151 Mont. 132, 439 P.2d 760:

"In Montana you are not required to have liability insurance

to get a driver's license or to drive. When you are required to obtain liability insurance then the requirements of section 53-438 are effective."

Accordingly we hold that the defense of lack of notice under the terms of the policy is not eliminated as a matter of law, that genuine issues of material fact relating to the validity of this defense remain unresolved, and that the plaintiff is not entitled to summary judgment. (Rule 56 (c), M.R.Civ.P.)

The order granting summary judgment to plaintiff and the summary judgment entered thereon are reversed and the case is remanded to the district court for further proceedings therein.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES ADAIR, CASTLES and JOHN CONWAY HARRISON, concur.