No. 14574

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

---

CONNIE J. VELTE et al.,

        Plaintiffs and Appellants,

-vs-

ALLSTATE INSURANCE COMPANY,

        Defendant and Respondent.

---

Appeal from:  District Court of the Thirteenth Judicial District,
Honorable Charles Luedke, Judge presiding.

Counsel of Record:

    For Appellants:

        Elmer J. Dolve, Jr., Billings, Montana
        Calvin A.Calton, Billings, Montana
        Rodd Hamman argued, Billings, Montana

    For Respondent:

        Anderson, Symmes, Brown, Gerbase, Cebull & Jones, Billings,
        Montana
        Richard F. Cebull, Billings, Montana

---

Submitted:  March 19, 1979

Decided: APR 17 1979

Filed: APR 17 1979

_Thomas J. Kearney_
Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This is an appeal brought by the survivors and the personal representative of the estate of Oscar F. Johnson. Johnson was killed as the result of an automobile collision in Billings, Montana, in July 1976. At the time of the accident, Johnson was a passenger in an automobile driven by John Schaefer and insured by defendant Allstate Insurance Company. Schaefer's policy with Allstate had a liability limit of $10,000 as well as an uninsured motorist endorsement. The other automobile involved in the accident was not insured.

Johnson's heirs and personal representative filed claims with Allstate, which in turn offered to pay the claimants the policy limit of $10,000, applicable to the injury or death of one person. The heirs and personal representative contended they were entitled to more compensation, arguing that the Motor Vehicle Safety Responsibility Act, at section 53-438, R.C.M. 1947, now section 61-6-103 MCA, required the insurer to pay at least $25,000 in compensation for Oscar Johnson's death.

At Allstate's suggestion, appellants commenced a declaratory action in the District Court, Yellowstone County, seeking to have the policy limits declared to be $25,000 rather than $10,000. The District Court ruled in favor of defendant Allstate's motion to dismiss on September 7, 1978. In a memorandum accompanying that order, the District Court stated the issue presented to it as whether the law required liability coverage of at least $25,000, regardless of the agreed-upon terms of the policy:

"The complaint seeks to establish that Montana law requires motor vehicle liability coverage for bodily injury to be in the sum of $25,000 regardless of any lesser stated limits in the issued policy ($10,000 in this case). . ."

On appeal the heirs and personal representative present a new theory--namely, that section 40-4403, R.C.M. 1947, now section 33-23-201 MCA, entitles them to greater compensation than the stated liability limits of the Allstate policy. Appellants contend that section 40-4403 requires an insurer to provide at least $25,000 per person and $50,000 per accident of uninsured motorist coverage and that they are therefore entitled to $15,000 of that coverage under the uninsured motorist endorsement of Johnson's policy with Allstate. We conclude that the District Court correctly decided the issue presented to it, and that appellants may not raise, for the first time on appeal, the issue of whether they are entitled to uninsured motorist benefits under Schaefer's policy.

A.  Appellant's statutory limits argument.

The issue of whether an automobile owner must have a particular amount of liability insurance or liability insurance covering particular situations has been before this Court on several previous occasions. In Northern Assurance Company of America v. Truck Insurance Exchange (1968), 151 Mont. 132, 439 P.2d 760, the issue was whether an exclusion in a liability policy was consistent with the statutory policy of the Motor Vehicle Safety Responsibility Act. The Court reasoned that the exclusion was "not violative of public policy" because the law required liability insurance in only certain specified instances, and that a policy which the owner voluntarily obtained was not subject to the cover-

age requirements of the Safety Responsibility Act. 151 Mont. at 136-37, 439 P.2d at 763.

In Boldt v. State Farm Mutual Automobile Insurance Co. (1968), 151 Mont. 337, 443 P.2d 33, an injured plaintiff sought to have a clause in a liability policy declared void because it conflicted with the Safety Responsibility Act. The Court again ruled that the Act's requirements "are not absolute but are applicable under certain circumstances and are subject to certain limitations and exceptions." 151 Mont. at 341, 443 P.2d at 35. The Court reasoned that the law required an automobile owner to carry liability insurance as proof of financial responsibility in only certain specified circumstances, and otherwise "is not required to post proof of future financial responsibility at all." 151 Mont. at 343, 443 P.2d at 36. Since an owner may not be required to purchase liability insurance at all, the Court concluded that the requirements applicable to policies issued and certified as proof of finanacial responsibility had no application to policies which owners voluntarily obtain. 151 Mont. at 343-44, 443 P.2d at 36. See also, Universal Underwriters Insurance Co. v. State Farm Mutual Automobile Insurance Co. (1975), 166 Mont. 128, 134, 531 P.2d 668, 672.

Appellants argued before the District Court that several amendments to section 53-438 changed the application of the statute making it applicable to all automobile liability policies issued in Montana. They make no mention of that argument in their briefs on appeal, however.

Under the rule established in Northern Assurance and Boldt, the argument that the Safety Responsibility Act requires the insurer to issue liability policies with no

-4-

less than $25,000 coverage must be rejected.  In this case, as in Northern Assurance and Boldt, the owner voluntarily obtained the liability coverage.  There is no statutory basis upon which to require this voluntary policy to be construed as providing more than the $10,000 coverage which its terms show.

B. Appellants' Uninsured Motorist Argument.

Appellants argue that section 40-4403 requires the insurer to provide at least $25,000/50,000 uninsured motorist coverage along with any liability policy it issues, and that they are entitled to $15,000 compensation from the owner's uninsured motorist policy with Allstate.  Their position is that because the owner had only $10,000 of liability coverage, he was uninsured to the extent of the difference between his liability coverage and the uninsured motorist coverage required by the statute.

A review of the briefs of both parties before the District Court indicates this argument is raised for the first time on appeal.  The District Court was presented with, and decided only, the question of whether the Safety Responsibility Act's coverage requirements applied to the owner's liability policy.  Therefore, appellants may not now raise the issue of uninsured motorist coverage.

It is well settled that a party "may not change his theory on appeal to this Court from that advanced in the trial court."  Chamberlain v. Evans (1979), ___ Mont. ____, 591 P.2d 237, 240, 36 St.Rep. 419, 423-24.  See also, Sturdevant v. Mills (1978), ___ Mont. ____, 580 P.2d 923, 925, 35 St.Rep. 839, 842.  Appellants argue, however, that the theory of uninsured motorist coverage presents a question of law only, and therefore need not be presented to the

-5-

District Court in advance of the appeal. They urge further that a declaratory judgment action presents a unique situation, because such an action is brought solely for the purpose of determining issues of law, and that an appellate court may consider these issues de novo.

The Uniform Declaratory Judgments Act, section 93-8907, R.C.M. 1947, now section 27-8-312 MCA, provides that "[a]ll orders, judgments and decrees under this act may be reviewed as other orders, judgments and decrees." Only one Montana decision directly construes section 93-8907 and that decision concerns appellate review of factual findings:

> "In a declaratory judgment action . . . the district court determines issues of fact in the same manner as issues of fact in other proceedings. Section 93-8909, R.C.M. 1947. We review the action of the district court the same as in other proceedings. Section 93-8907, R.C.M. 1947." State Highway Commission v. West Great Falls Flood Control and Drainage District (1970), 155 Mont. 157, 171, 468 P.2d 753, 761.

Courts in other Uniform Declaratory Judgments Act jurisdictions have considered more precisely the issue of whether an appellant has more latitude to alter his theory on appeal in a declaratory action than in other types of civil actions, and have concluded that he does not. Board of Supervisors of Fairfax County v. Williams (1975), 216 Va. 49, 216 S.E.2d 33, 39 n. 3; City of St. Louis v. Missouri Commission on Human Rights (Mo. 1974), 517 S.W.2d 65, 71; Crowe v. Wheeler (Colo. 1968), 439 P.2d 50, 53; Goldberg v. Valve Corporation of America (1967), 89 Ill.App.2d 383, 233 N.E.2d 85, 90. In each of these decisions the courts ruled that they would not determine legal issues which the parties failed to present to the trial court, either by objection or by pleadings.

-6-

It is clear that appellants here have changed their theory on appeal. At the District Court level, they sought a declaration that section 53-438, R.C.M. 1947, required the insurer to provide Schaefer with $25,000 of motor vehicle liability coverage (paragraphs V-VII of complaint, and paragraph 1 of prayer for judgment). On appeal, they state an entirely different theory, involving an uninsured motorist claim: "Because Allstate failed to provide liability coverage equalling the minimum amount set at section 53-438, R.C.M. [1947], (Supp. 1977), Schaeffer should be considered an uninsured driver and Velte, et al., <u>are entitled to recover under the uninsured motorist section of the Allstate policy</u>." (Emphasis added.) The rule applied to new theories raised on appeal is the same for actions brought under the Declaratory Judgment Act as it is for other civil actions. Therefore, we will not determine appellants' uninsured motorist claim.

The judgment of the District Court is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices