**UNITED STATES FIDELITY AND GUARANTY COMPANY, a Maryland Corporation, Plaintiff,**

**v.**

**Steven E. WILCOX, Linda White, John Lansford, as guardian of Linda White, James R. White, Cheryl Jenks, Khrista Callan, and Pamela Callan, Individually and as parent of Khrista Callan, Defendants.**

**No. CV 77–55–GF.**

United States District Court, D. Montana, Great Falls Division.

June 25, 1979.

Robert Emmons, Smith, Emmons, Baillie & Walsh, Great Falls, Mont., for plaintiff.

James S. Craven, Winston & Cashatt, Spokane, Wash., for defendants.

OPINION AND ORDER

RUSSELL E. SMITH, District Judge.

The plaintiff, United States Fidelity and Guaranty Company (USF&G), seeks a dec-

laration of its rights under an insurance policy issued by it to 93 Chrysler-Plymouth, Inc. (93 Chrysler). In April 1974, 93 Chrysler leased a 1973 Chevrolet to one Steven E. Wilcox for 36 months. The lease provided that Wilcox should pay the taxes on the vehicle and provide insurance in specified amounts. Wilcox initially insured the car with State Farm Mutual, but he allowed the policy to lapse. On October 29, 1974, after the State Farm policy had lapsed,[1] Wilcox had a collision with another car, and, as a result, occupants of the other car, some of whom are defendants here, were injured. The questions are whether the USF&G policy covers Wilcox and whether USF&G is liable for the payment of damages to the injured persons. Wilcox has defaulted, and the case pends between USF&G and some of the injured parties.

There can be no question here but that the relationship between 93 Chrysler and Wilcox was one of lessor and lessee and that Wilcox, by express agreement, undertook to provide his own public liability insurance. The car leased by Wilcox was to be in his sole possession, and for all use purposes he was the owner of it. A perusal of the entire policy in no way suggests that USF&G intended by the policy in question to extend blanket coverage to all of the persons to whom 93 Chrysler might lease cars. The relationships of the parties here were not obscure. 93 Chrysler was in an automobile leasing business, which meant that many drivers would be driving many 93 Chrysler cars. The risks involved were substantial, and it would not be expected that the coverage of risks generated by such a distinct business would be hidden in fine print. The problem is whether USF&G, in issuing a massive policy with multiple endorsements dealing with multiple coverages for multiple relationships, somehow stumbled into a liability which it did not expressly assume.

■ Defendants argue that the omnibus clause of the policy, contained in the comprehensive general liability section of the policy, provides coverage for Wilcox. The clause provides:

II PERSONS INSURED

Each of the following is an Insured under this insurance to the extent set forth below:

. . . . .

(e) with respect to the operation, for the purpose of locomotion upon a public highway, of mobile equipment registered under any motor vehicle registration law,

. . . . .

(ii) any other person while operating with the permission of the Named Insured any such equipment registered in the name of the Named Insured and any person or organization legally responsible for such operation, but only if there is no other valid and collectible insurance available, either on a primary or excess basis, to such person or organization.

It is the defendants' position that, since a person operating a leased vehicle operates it with the permission of the lessor, Wilcox falls within the broad definition of "persons insured" and that any attempt elsewhere in the policy to limit the omnibus coverage is contrary to public policy. In some jurisdictions where the law requires that each policy contain an omnibus clause, courts have held that it is contrary to public policy to limit the omnibus coverage. *See Cousineau v. United States*, 493 F.2d 692 (9th Cir. 1974); *Metz v. Universal Underwriters Insurance Co.*, 10 Cal.3d 45, 109 Cal.Rptr. 698, 513 P.2d 922 (1973). In Montana the Motor Vehicle Safety-Responsibility Act, Mont. Code Ann. §§ 61–6–101—61–6–151 (1978), requires an omnibus clause only when a policy is issued for certification under the Act. The policy here was not issued for the purpose of certification under the Act. The exact question posed here was specifically answered by the Supreme Court of Montana at the request of this court. Thus, in *Lewis v. Mid-Century Insurance Co.*, 152

---

1. The history of the State Farm Mutual coverage is stated in *State Farm Mutual Automobile Insurance Co. v. White*, 563 F.2d 971 (9th Cir. 1977).

Mont. 328, 331, 449 P.2d 679, 680–81 (1969), the court said:

. . . the United States District Court certified to us five questions which it felt were controlling in the case. We now undertake to answer those five questions.

(1) "Does Section 53–438, R.C.M.1947, prohibit an insurer from inserting exclusions in an insurance policy if those exclusions are not mentioned in the section?"

 No, unless the policy is certified to the supervisor as proof of financial responsibility under the Montana Vehicle Safety Responsibility Act. Absent such certification an insurer may insert exclusions in its policies which are not mentioned in section 53–438.[2]

The problem is whether coverage under the omnibus clause was excluded. An endorsement on the policy reads:

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to

Comprehensive Automobile Liability Insurance

LEASED AUTOMOBILES—CONTINGENT COVERAGE

(Automobile Leasing or Rental Operations)

It is agreed that such insurance as is afforded by the policy for *bodily injury* liability and for *property damage* liability applies with respect to any *automobile* leased by the *Named Insured* to others for one year or more without the *Named Insured* or an employee or agent of the *Named Insured* in attendance, subject to the following provisions:

1. This insurance applies only

(a) to the *Named Insured* . . .

By the terms of this endorsement the insurance applies only to the named insured. The whole endorsement would as to him provide only excess coverage. The exclusion, as I read it, was tailored to fit the exact situation created by Wilcox and 93 Chrysler in this case, and on reading it, Wilcox would know that the exclusionary language fit him, that he was not covered, and that it was intended that he provide his own insurance. There is no ambiguity about it.

 Defendants urge that Wilcox was covered under the garage liability section of the policy. The policy provides: "The Company will pay . . . all sums which the Insured shall become legally obligated to pay as damages . . . caused by an occurrence and arising out of garage operations . . . ." I assume from the fact that 93 Chrysler bought garage insurance it was in some measure engaged in the garage business as well as in the car leasing business. The risks involved in a leasing operation are totally different from those involved in a garage operation. The policy, structured as it was with a section insuring the garage operations and a special section insuring the car leasing and rental operations, distinguished between the two businesses and provided a separate coverage for each.

It is obvious to me that, as between USF&G and 93 Chrysler, it was intended that the leasing business and the garage business be separately insured for separate premiums and that coverage under one section did not apply to the other. I think that no fair reader of the policy, including Wilcox, could conclude otherwise. It could be that, if the leased vehicle were garaged at 93 Chrysler, the garage liability sections under some circumstances apply to it, but in this case it is not shown that the car was ever garaged there, and at the time of the accident it was some 75 miles away from the garage. By the same reasoning, Wilcox was not a garage customer under an endorsement to the garage insurance portion of the policy, even if that portion were otherwise applicable. In the view I take,

2. *See Velte v. Allstate Insurance Co.*, Mont., 36 St.Rep. 724, 593 P.2d 454 (1979); *Universal Underwriters Insurance Co. v. State Farm Mutual Automobile Insurance Co.*, 166 Mont. 128, 531 P.2d 668 (1975); *Boldt v. State Farm Mutual Automobile Insurance Co.*, 151 Mont. 337, 443 P.2d 33 (1968); *Northern Assurance Co. v. Truck Insurance Exchange*, 151 Mont. 132, 439 P.2d 760 (1968).

the garage liability sections of the policy are not applicable, and it is unnecessary to consider the many problems raised by the exclusionary clauses in it.

The plaintiff's motion for summary judgment is granted, and IT IS ORDERED that judgment be entered declaring that the defendants have no rights under the policy involved.

Plaintiff will prepare a judgment in accordance with Rule 14(b) of the Rules of this Court binding Wilcox and such of the other defendants as were properly served.