MR. JUSTICE SHEEHY, joined by MR. CHIEF JUSTICE HASWELL,
dissent:
The purpose of a motion for summary judgment under Rule 56, is to eliminate unnecessary trial, delay, and expense. Silloway v. Jorgenson (1965), 146 Mont. 307, 406 P.2d 167. Under a motion for summary judgment, the formal issues presented by the pleadings are not controlling and the court must consider the depositions, answers to interrogatories, admissions on file, oral testimony, and exhibits presented to determine who should prevail on the motion. Hager v. Tandy (1965), 146 Mont. 531, 410 P.2d 447. When the facts established under the motion for summary judgment are undisputed, and under those undisputed facts the plaintiff is not entitled to prevail on any legal theory, this Court on review should affirm the grant of summary judgment to the plaintiff.
The salient undisputed facts that should decide this appeal are these:
1. General Accident and Fire & Life Assurance Corporation Ltd., issued its liability policy, including comprehensive general *455 liability, in which policy Arthur G. McKee & Company is the named insured, and the Anaconda Comapny by endorsement is an additional insured.
2. McKee provided the insurance policy to Anaconda by reason of a contract with Anaconda that recited:
“Contractor [McKee] agrees to cause Owner [Anaconda] to be made an additional named insured under all of Contractor’s liability policies insuring risks of any kind relating to the construction and to arrange, in terms approved in advance by Owner, that such policies will constitute primary coverage in the event of any claims against Owner that are insurable under any of such policies.” (Emphasis added.)
3. The insurance policy defines an “insured” as any person or organization qualifying as an insured under the policy, and further provides as to several insureds under the same policy:
“. . . The insurance afforded applied separately to each insured against whom claim is made or suit is brought, except with respect to the limits of the company’s [the insurance company] liability.” (Emphasis added.)
4. At the time of his injury, McKee’s employee was on the Anaconda premises pursuant to work in progress under contract no. 2081, the contract between McKee as contractor and Anaconda as owner.
5. Anaconda’s employees were negligent in dropping the planking that caused the injury to McKee’s employee.
In determining the liability of General Accident, if any, to Anaconda here, we look to the terms of the policy. An insurance policy, like any other contract, must be given that interpretation which is reasonable and which is consonant with the manifest object and intent of the parties. National Farmers Union Property and Casualty Company v. Colbrese (9th Cir. 1966), 368 F.2d 405; cert. den. 386 U.S. 991, 87 S.Ct. 1306, 18 L.Ed.2d 336. The general rules of contract law apply to an insurance policy. Hildebrandt v. Washington National Insurance Company (1979), *456 181 Mont. 231, 593 P.2d, (life insurance); Universal Underwriters Insurance Company v. State Farm Mutual Auto Insurance Company (1975), 166 Mont. 128, 531 P.2d 668, (garage liability policy).
Under McKee’s agreement with Anaconda, McKee agreed to make Anaconda an additional named insured in McKee’s policies “insuring risks of any kind relating to the construction” which would constitute “primary coverage” in the event of a claim against Anaconda.
If this policy has been purchased by Anaconda in its own right, there is no doubt that the injury to McKee’s employee would be a risk that was insurable for Anaconda under the policy. It makes no difference that here the insurance contract was purchased by McKee and that Anaconda is named as an additional insured. By reason of the severability of the interests clause which we have quoted above, in fact, here Anaconda and McKee are two separate insureds under the same policy, the only limitation being the limits of liability of General Accident under its policy. Each of the two entities, McKee and Anaconda, are separately insured under all the terms of the policy. As an example of the effect of the severability clause, see Caribou Four Corners, Inc. v. Truck Insurance Exchange (10th Cir. 1971), 443 F.2d 796. See also, Indemnity Insurance Company of North America v. Pacific Clay Products Company (1970), 13 Cal.App.3d 304, 91 Cal.Rptr. 52; Liberty Mutual Insurance Company v. Truck Insurance Exchange (Or.1966), 420 P.2d 66 (contribution allowed).
Thus, the policy issued by General Accident comes within the provisions of contract no. 2081 between McKee and Anaconda that the policy provided by McKee will constitute “primary coverage in the event of any claims against [Anaconda] that are insurable under any of such policies.”
The majority opinion makes it “overly broad” that General Accident should be the insurer of all Anaconda activities at the Smelter that result in an injury to anyone working pursuant to the contract, regardless of control and benefit. That statement *457 overlooks the clause of contract no. 2081 that Anaconda would be an additional named insured with respect to “risks of any kind relating to the construction”.
The endorsement which makes Anaconda an additional insured under the general liability policy is as follows:
“... that the Anaconda Company, Anaconda, Montana, is an additional insured under this policy in accordance with provisions of contract no. 2081 with Arthur G. McKee and Company and dated May 15, 1971.”
McKee’s employee was not an interloper on Anaconda’s premises at the time of the injury. He was there in furtherance of contract no. 2081. The risk that he might be injured by Anaconda’s employees was within the “risks of any kind relating to the construction” for which McKee agreed to provide insurance to Anaconda.
There is no reason to return this case to the District Court under the guise of seeking the “intent” of the parties with respect to the insurance here provided. Where the language of the insurance policy admits of only one meaning, there is no basis for the interpretation of policy coverage under the guise of ambiguity. Universal Underwriters Insurance Company v. State Farm Mutual Auto Insurance Company (1975), 166 Mont. 128, 531 P.2d 668.
Since the injury to McKee’s employee is plainly within the coverage extended to Anaconda by General Accident under this policy of insurance, the District Court was correct in awarding judgment to Anaconda for the amount required to settle the claim of McKee’s employee, plus the cost of defense that Anaconda incurred in handling the claim against it by McKee’s employee. The District Court in this case should be affirmed.