No. 88-236

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

---

JUDITH A. JOHNSON,

   Plaintiff and Respondent,

 -vs-

STATE OF MONTANA, ED ARGENBRIGHT,
Superintendent of Public Instruction,

   Defendants and Appellants.

---

APPEAL FROM: The District Court of the First Judicial District,
       In and for the County of Lewis & Clark,
       The Honorable Leif B. Erickson, Judge presiding.

COUNSEL OF RECORD:

  For Appellant:

    Beda J. Lovitt, Office of Public Instruction, Helena,
    Montana
    John H. Maynard, Dept. of Administration, Helena,
    Montana
    Sam Haddon argued, Missoula, Montana

  For Respondent:

    W. William Leaphart argued, Helena, Montana

  For Amicus Curiae:

    Jeffrey T. Renz, American Civil Liberties Union,
    Billings, Montana
    Marshall Murray; Murray, Kaufman, Vidal, Gordon & Ogle,
    Montana Innkeepers Assoc., et al., Kalispell, Montana

---

        Submitted: April 11, 1989
         Decided: July 19, 1989

Filed:

           Clerk

Mr. Justice R. C. McDonough delivered the Opinion of the Court.

This appeal from the First Judicial District, Lewis and Clark County, concerns the liability of appellants the State of Montana and Ed Argenbright for damages arising from the alleged wrongful discharge of respondent Johnson. Johnson has alleged common-law and statutory wrongful discharge claims against appellants, and has also requested that the District Court declare that portions of the Montana Wrongful Discharge Act, §§ 39-2-901 to -913, MCA, (Act) unconstitutionally limit Johnson's fundamental right to full legal redress.

Johnson moved for summary judgment on the requested declaratory relief. She argued specifically that classifications created under the Act violated equal protection guarantees under Article II, § 4, by denying her, as a member of a class of wrongful discharge claimants, her fundamental right to full legal redress. Pursuant to the motion, the District Court declared the Act unconstitutional citing White v. State (1983), 203 Mont. 363, 661 P.2d 1271; Pfost v. State (1986), 219 Mont. 206, 713 P.2d 495. The District Court reasoned that White and Pfost mandate that the State demonstrate a compelling state interest justifying such classifications because Article II, § 16, guarantees a fundamental right to full legal redress. The District Court went on to conclude that the State had failed to make the required showing, and the lower court then declared the Act unconstitutional. This is the only issue which has been adjudicated in the lower court. Appellants contend that White and Pfost should be overruled.

Our decision handed down recently in Meech v. Hillhaven West, Inc. (Mont. 1988), No. 88-410, filed June 29, 1989,

2

overrules <u>White</u> and <u>Pfost</u>, relative to Article II, § 16. Specifically, <u>Meech</u> holds that Article II, § 16, does not guarantee a fundamental right to a particular cause of action, and that therefore the legislature may alter common-law causes of action, remedies, and redress, without demonstrating that a compelling state interest justifies classifications created by such modifications. <u>Meech</u> controls this case. Therefore, the decision of the District Court must be reversed.

Other issues have been briefed on appeal by Johnson and Argenbright. These issues have not been ruled on by the District Court. Therefore, they are presented prematurely before this Court, and cannot be properly reviewed at this time. See Velte v. Allstate Ins. Co. (1979), 181 Mont. 300, 593 P.2d 454. We reverse and remand for further proceedings consistent with <u>Meech</u>.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

3

Mr. Justice John C. Sheehy, dissenting:


For all of the reasons expressed in my dissent in Meech v. Hillhaven West, Inc. (Mont. 1988), number 88-410, filed June 21, 1989, I emphatically dissent from this decision.

_____
Justice


Mr. Justice William E. Hunt, Sr., dissenting:


I concur in the foregoing dissent of Justice Sheehy.


_____
Justice