MR. JUSTICE McDONOUGH
delivered the Opinion of the Court.
This appeal from the First Judicial District, Lewis and Clark County, concerns the liability of appellants the State of Montana and Ed Argenbright for damages arising from the alleged wrongful discharge of respondent Johnson. Johnson has alleged common-law and statutory wrongful discharge claims against appellants, and has also requested that the District Court declare that portions of the Montana Wrongful Discharge Act, §§ 39-2-901 to -913, MCA, (Act) unconstitutionally limit Johnson’s fundamental right to full legal redress.
Johnson moved for summary judgment on the requested declaratory relief. She argued specifically that classifications created under the Act violated equal protection guarantees under Article II, § 4, by denying her, as a member of a class of wrongful discharge claimants, her fundamental right to full legal redress. Pursuant to the motion, the District Court declared the Act unconstitutional citing White v. State (1983), 203 Mont. 363, 661 P.2d 1272; Pfost v. State (1986), 219 Mont. 206, 713 P.2d 495. The District Court reasoned that White and Pfost mandate that the State demonstrate a compelling state interest justifying such classifications because Article II, § 16, guarantees a fundamental right to full legal redress. The District Court went on to conclude that the State had failed to make the required showing, and the lower court then declared the Act unconstitutional. This is the only issue which has been adjudicated in the lower court. Appellants contend that White and Pfost should be overruled.
Our decision handed down recently in Meech v. Hillhaven West, Inc. (Mont. 1989), [238 Mont. 21], 776 P.2d 488, [46 St.Rep. 1058], overrules White and Pfost, relative to Article II, § 16. Specifically, Meech holds that Article II, § 16, does not guarantee a fundamental right to a particular cause of action, and that therefore the legislature may alter common-law causes of action, remedies, and redress, without demonstrating that a compelling state interest justifies classifications created by such modifications. Meech controls this case. Therefore, the decision of the District Court must be reversed.
*217 Other issues have been briefed on appeal by Johnson and Argenbright. These issues have not been ruled on by the District Court. Therefore, they are presented prematurely before this Court, and cannot be properly reviewed at this time. See Velte v. Allstate Ins. Co. (1979), 181 Mont. 300, 593 P.2d 454. We reverse and remand for further proceedings consistent with Meech.
MR. CHIEF JUSTICE TURNAGE and MR. JUSTICES HARRISON, GULBRANDSON and WEBER concur.