141 F.3d 1175
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
FARMERS ALLIANCE MUTUAL INSURANCE COMPANY, of McPherson,
Kansas, Plaintiff-Appellant,
v.
Tom ACKERSON; Vince Schaefer; James Stipp; Joshua Adams;
Roy Whiteside, Defendants-Appellees.
 No. 96-36198.
D.C. No. CV-94-00141-JDS.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted March 4, 1998.
Decided April 8, 1998.
 
 1
 Appeal from the United States District Court for the District of Montana, Jack D. Shanstrom, District Judge, Presiding.
 
 
 2
 Before ALARCN and HAWKINS, Circuit Judges, and BREWSTER,** District Judge.
 
 
 3
 MEMORANDUM*
 
 
 4
 Farmers Alliance ("Farmers") filed an action in district court seeking a declaration that the insurance policy issued to Tom Ackerson d/b/a Interstate Conoco was void because it was obtained through fraud. Alternatively, Farmers sought a declaration that there was no coverage for James Stipp for a June 4, 1993 accident involving Joshua Adams. Finally, Farmers requested a declaration that there was no coverage for a June 6, 1994 accident involving Roy and Jodie Whiteside. The district court granted the appellees' motion for summary judgment. Farmers appeals. We affirm the grant of summary judgment.
 
 I.
 
 5
 Farmers argues that the insurance policy at issue could be rescinded after an accident because the policy was fraudulently obtained. Because the Montana Motor Vehicle Safety-Responsibility Act ("MVSRA"), Mont.Code Ann. §§ 61-6-101 to 61-6-151, does not apply to the insurance policy at issue,[1] Farmers is not subject to the MVSRA's absolute prohibition against rescission of a policy after an accident.
 
 
 6
 However, the Mandatory Liability Protection Act ("MLPA"), Mont.Code Ann. §§ 61-6-301 to 61-6-304, does apply, and Farmers is therefore barred from avoiding liability after an accident on the basis of fraud relating to the inception of the policy. See Omaha Property & Casualty Co. v. Crosby, 756 F.Supp. 1380, 1384 (D.Mont.1990) (holding that under the MLPA, insurers may not avoid liability to injured third parties after an accident on the basis of fraud in the inception of the policy), affirmed without opinion, 951 F.2d 361 (9th Cir.1991).
 
 
 7
 Farmers argues that the Interstate Conoco policy was not issued under the MLPA because it was not obtained to provide insurance coverage for any particular driver or vehicle. Tom Ackerson d/b/a Interstate Conoco obtained the garage policy for non-owned and hired automobiles to be operated by Interstate Conoco employees. This is sufficient to fall under the protection of the MLPA. The MLPA provides exemptions only for specific categories of automobiles, see Mont.Code Ann. § 61-6-303, and vehicles covered under general garage policies are not among them. Thus, such vehicles are covered by the MLPA. Cf. Bill Atkins Volkswagon, Inc. v. McClafferty, 213 Mont. 99, 689 P.2d 1237, 1239 (Mont.1984) ("Because the Legislature did not exclude dealers from the mandatory liability insurance requirement, dealers are [covered under the MLPA].").
 
 II.
 
 8
 Farmers requests a declaration that there was no coverage for the 1982 Pontiac involved in the June 1994 accident. Under the garage liability policy, the coverage included non-owned and hired vehicles used in the garage business. Farmers argues that while "Tom Ackerson, d/b/a Interstate Conoco" is the named insured, Vince Schaefer is the true owner of the business; therefore, because Schaefer owned the Pontiac, it was not a "non-owned" vehicle.
 
 
 9
 This argument is unpersuasive because under Crosby, "a compulsory insurance [statute such as the MLPA] bar[s] an insurer from avoiding coverage because the insured lacked an insurable interest." Crosby, 756 F.Supp. at 1384. Crosby trumps Farmers' objection that Tom Ackerson is not the true owner.
 
 III.
 
 10
 Farmers argues that there was no coverage for James Stipp under the garage liability policy for the June 1993 accident because Stipp was acting outside the scope of his employment.
 
 
 11
 Under Horace Mann v. Hampton, 235 Mont. 354, 767 P.2d 343, 345-46 (Mont.1989), "Montana's Mandatory Liability Protection Act requires [that] liability insurance must continue to cover the vehicle even though the permittee may have exceeded the scope of the owner's permission or consent." Because the compulsory MLPA covers the policy at issue, and because Stipp had initial permission to use the Pontiac, the Farmers policy covered the accident even though Stipp exceeded the scope of the consent.
 
 
 12
 AFFIRMED.
 
 
 
 **
 Honorable Rudi M. Brewster, United States District Judge for the Southern District of California, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The MVSRA requires certified proof of financial responsibility only in certain circumstances, none of which are present here. See Mont.Code Ann. § 61-6-131. The MVSRA only attaches to a policy which is certified in accordance with its provisions, Mont.Code Ann. § 61-6-103, which was not done in this case
 The insurance policy in this case was "simply an ordinary policy voluntarily carried by a motorist" and "[a]dditionally, the policy was not certified as proof of financial responsibility by the insurer under the terms of the Act[;]" therefore, the requirements of § 61-6-103 relating to rescissions of policies "never attached to the policy in question." Boldt v. State Farm Mutual Automobile Ins. Co., 151 Mont. 337, 443 P.2d 33, 36 (Mont.1968).